## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| LINET AMERICAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HILL-ROM HOLDINGS, INC.; HILL-ROM COMPANY, INC.; HILL-ROM SERVICES, INC., <br><br> Defendants. | Case No. 21 Civ. 6890 |

### DEFENDANTS' ANSWER TO THE COMPLAINT

The Hill-Rom Defendants (collectively "Hillrom")[1] hereby respond to the Complaint that Plaintiff Linet Americas, Inc., ("Linet") filed in this action on December 28, 2021.

### PRELIMINARY STATEMENT TO HILLROM'S ANSWER AND DEFENSES

This lawsuit is an attempt by a European hospital supplier to weaponize U.S. antitrust laws to achieve through litigation what it could not achieve in the marketplace. Linet declares that it is the "leading supplier in Europe" of the medical products at issue in this case. Compl. 2. And it concedes that it has successfully sold these products in the United States for over a decade. Its complaint is that its U.S. market share has not grown as hoped because customers more often choose Hillrom's innovative and more efficient offerings to U.S. hospitals. *Id.* To remedy this perceived injustice, Linet asks this Court to restructure the market in Linet's favor by bringing "the antitrust laws" into "the hospital room." *Id*. at 5.

Linet says this relief is necessary to ensure that "doctors and nurses have the necessary resources to deal with the current pandemic and any future crisis." *Id*. But the law and allegations

---

[1] The Complaint names Hill-Rom Holdings, Inc., Hill-Rom Company, Inc., and Hill-Rom Services, Inc. as defendants. Compl. 4.

in the Complaint belie this claim. The antitrust laws Linet cites do not permit federal courts to micro-manage hospital rooms, nor do they protect competitors from market economics. But as the Supreme Court has recognized, competitors sometimes misuse these laws—and particularly their provisions for injunctive relief and treble damages—to try to limit competition or leverage the "sprawling, costly, and hugely time-consuming" prospect of litigation to extract settlements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 n.6 (2007). Linet's Complaint references several such settlements, and Linet has a history of challenging its competitors' contract bids in Europe. For these and other reasons, the Complaint suggests that Linet—cash strapped and fresh off a search for an investor—is simply looking to leverage the nuisance value of this suit to improve its position going into an upcoming contract cycle. The Complaint's three primary narratives reinforce this suggestion, and expose this action as inimical to all the goals it purports to serve.

First, the Complaint's asserted goal of "ensur[ing] that doctors and nurses have the necessary resources to deal with the current pandemic and any future crisis," Compl. 5, would be best served by allowing the competition Linet paradoxically asks this Court to enjoin. Robust competition for innovative technology and supply efficiencies that enable hospitals to advance patient care even in the face of pandemic pressures is what will enable the U.S. healthcare system to weather current and future crises. Such innovation and efficiency is precisely what Hillrom has offered for nearly a century, and has relied upon to gain U.S. hospital business over the last 11 years. As the Complaint correctly notes, this competition continues to grow. For example, Hillrom publicly announced a few years ago that it had redesigned its Centrella hospital bed to allow for new and advanced communication and collaboration between caregivers and patients. As documented in industry publications, Hillrom developed the new bed by conducting several years and hundreds of hours of patient observation to understand its customers' needs. It then designed

new features to address patient satisfaction, patient safety, and caregiver efficiency by, for example, reducing the risk of pressure injuries, preventing patient falls, managing electrical cords and fluid lines, easing patient transportation, and improving patient comfort. This type of "smart" technology is the future of advanced patient care. And providing it at competitive prices and efficient scale is exactly what Hillrom will continue to do. Rather than face this competition in the marketplace, Linet improperly asks this Court to block it to benefit—indeed underwrite— Linet's business to the detriment of U.S. hospitals and patients.

Second, the Complaint confirms that Linet's competitive problem is not Hillrom, but Linet's inability to replicate its alleged European success within the U.S. legal framework that governs innovation and competition. For example, the so-called "entry barriers" Linet asks this Court to break are rooted in U.S. intellectual property law, procurement systems for federally-regulated medical devices, and legal limits on antitrust enforcement designed to encourage ingenuity and entrepreneurship. The same is true of the Hillrom business Linet seeks to enjoin. To the extent Hillrom's systems are patent-protected, Linet's "interoperability" claims conflict with Hillrom's right to choose its licensees, including under no-duty-to-deal precedents that foreclose Linet's claims here. And Linet's allegations that Hillrom violated competition laws by leveraging relationships with Group Purchasing Organization (GPOs), Compl. ¶¶ 110-14, and Integrated Delivery Networks (IDNs), *id*. ¶¶ 115-27, are at odds with multiple statutes and basic competition economics.

The GPO "fees" and so-called "hunting licenses" Linet challenges, *id*. ¶¶ 110-14, are integral parts of the procurement system Linet embraced when it entered the U.S. market in 2010, and are federally-sanctioned because they provide hospitals with the purchasing power necessary to ensure competitive supply terms. Indeed, GPO fees are subject to an express statutory safe-

harbor when they are paid to a "purchasing agent for a group of individuals or entities who are furnishing services reimbursed under a Federal health care program." 42 U.S.C. § 1320a(b)(3)(C). The IDN procurement practices the Complaint describes are similarly protected. Linet admits that the IDN agreements it challenges were an outgrowth of Affordable Care Act ("ACA") provisions designed to help hospitals use supply contracts to "tie payments to quality metrics." *Id*. ¶¶ 117-18. Indeed, Linet concedes that this legislative support allowed IDNs to become the "dominant" purchasers of regulated medical devices based on "efficiency" *and* "quality," and that these sophisticated purchasers have chosen Hillrom's offerings over Linet's for a decade. *Id*. ¶¶ 117-27. In doing so, the Complaint admits that the most powerful buyers on quality and efficiency have used a congressionally-sanctioned procurement system to choose Hillrom. That is not surprising, because Hillrom has provided these buyers with high quality products at efficient prices that reduce costs and minimize adverse events that threaten patient care and hospital bottom lines. It is simply disappointing to Linet, which says it entered the U.S. market with the hope of using the ACA's procurement structure to replicate its success in Europe. Unhappy with its progress over the last 10 years, Linet now asks this Court to break the rules of the competitive U.S. contract system and hand Linet by fiat the market position it has been unable to win on the merits.

Last but certainly not least, the Complaint's timeline of events strongly suggests that Linet is improperly using stale business grievances to try to thwart legitimate competition in *upcoming* contact cycles. As noted, the bulk of the Complaint is directed at new and highly competitive "smart" technology supplied through GPO and IDN contracts the antitrust laws allow, and that will be at issue in new bids over the coming years. The Complaint seeks an injunction that would subvert the lawful and competitive bidding process for these products by enjoining Hillrom from "entering into *any* new corporate enterprise agreements," and forcing Hillrom to give Linet access

to patented systems that are part of its innovative product offerings.  But the relatively few facts the Complaint pleads in support of these (and other) unjustified injunctive requests are so old that the associated claims are barred by the very laws Linet invokes.  The Complaint tries to disguise this by attacking what it calls an aggressive, *new* Hillrom strategic sales team.  Compl. 3-4.  But it goes on to allege that Hillrom conceived this team in 2010, *id*. ¶ 224, publicly announced it in January 2013, ¶ 226, and revealed in 2014 that it had resulted in several contracts that Linet characterizes as "long-term, exclusive dealing agreements" with key GPOs and IDNs, *id*. ¶ 242. The Clayton Act imposes a four-year statute of limitations on claims challenging such agreements. Accordingly, the Complaint's own allegations establish that Linet should have brought this suit, at the very latest, in 2018.  Linet's oblique (and appropriately self-conscious) suggestion that it did not do so because Hillrom "concealed" the "true nature" of the contracts from discovery, *e.g*., Compl. ¶ 237, is the definition of facially implausible.  That Linet did not raise any of the claims here when Hillrom allegedly announced the nature of its contracts with Linet's top-target GPOs and IDNs further confirms that this suit is not a legitimate challenge to those agreements.  It is an untimely ploy to subvert—not protect—competition for upcoming contracts for important new "smart" medical products.  Federal law does not countenance such tactics.  And this Court should not tolerate them, particularly given the healthcare priorities and needs the Complaint describes.

**GENERAL DENIAL**

Hillrom denies any and all liability for violating Sections 1 and 2 of the Sherman Act, Section 3 of the Clayton Act, the Illinois Antitrust Act, and the Illinois Consumer Fraud Act.  The Complaint includes section headings, quoted herein, to which no response is required, and to the extent a response is deemed required, any allegations in such headings are denied.

<u>**SPECIFIC RESPONSES**</u>

The introductory paragraphs do not contain any allegations to which a response is required.

**"PARTIES"**

<u>**Response to Paragraph 1:**</u>  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

<u>**Response to Paragraph 2:**</u>  Defendants admit the allegations in the first three sentences of this paragraph.  Hill-Rom Holdings' registered agent is CT Corporation Systems, 334 North Senate Ave., Indianapolis, IN 46204.

<u>**Response to Paragraph 3:**</u>  Defendants admit the allegations in the first three sentences of this paragraph.  Hill-Rom Company's registered agent is CT Corporation Systems, 334 North Senate Ave., Indianapolis, IN 46204.

<u>**Response to Paragraph 4:**</u>  Defendants admit that Hill-Rom Services, Inc. is a wholly-owned subsidiary of Hill-Rom Holdings, Inc. and is a corporation formed and existing under the laws of the State of Indiana, with its principal place of business at 130 East Randolph Street, Suite 1000, Chicago, IL, 60601. Defendants admit that certain licenses for Hillrom products are controlled by Hill-Rom Services.  Hill-Rom Services' registered agent is CT Corporation Systems, 334 North Senate Ave., Indianapolis, IN 46204.

**"JURISDICTION AND VENUE"**

<u>**Response to Paragraph 5:**</u>  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

<u>**Response to Paragraph 6:**</u>  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required.  To the extent a response is

required, Defendants deny the allegations.

**Response to Paragraph 7:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 8:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 9:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Hillrom regularly does business in the State of Illinois and maintains an office and/or place of business in the State of Illinois. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 10:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 11:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Hillrom resides, transacts business, is found, and has agents in this district. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**"LINET'S REPUTATION AS AN INNOVATIVE MARKET DISRUPTOR"**

**Response to Paragraph 12:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 13:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 14:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 15:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 16:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 17:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 18:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 19:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 20:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 21:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 22:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 23:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 24:** Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 25:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 26:** Denied.

**Response to Paragraph 27:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 28:** Denied.

**Response to Paragraph 29:** Denied.

**Response to Paragraph 30:** Denied.

**Response to Paragraph 31:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 32:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 33:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## "RELEVANT MARKETS AND MARKET POWER"

### "The U.S. Hospital Bed Industry"

**Response to Paragraph 34:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 35:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 36:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 37:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 38:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 39:** Denied.

**Response to Paragraph 40:** Defendants admit that as of 2018, the installed base of staffed hospital beds in the U.S. was approximately 777,000. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether that figure has remained steady to present.

**Response to Paragraph 41:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 42:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 43:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

*"The Standard Hospital Bed Market"*

**Response to Paragraph 44:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. Defendants admit the factual allegations in the second and third sentences of this Paragraph. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 45:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is

required, Defendants deny the allegations.

**Response to Paragraph 46:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 47:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 48:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 49:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 50:** Denied.

**Response to Paragraph 51:** Denied.

**Response to Paragraph 52:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 53:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 54:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in

the second sentence. Defendants admit that Hillrom sells one or more model of Standard Hospital Beds. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 55:** Admitted.

**Response to Paragraph 56:** Admitted.

**Response to Paragraph 57:** Denied.

**Response to Paragraph 58:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 59:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any factual allegations, Defendants deny them.

**Response to Paragraph 60:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 61:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 62:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 63:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any factual allegations, Defendants deny them.

**Response to Paragraph 64:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

*"The Intensive Care Bed Market"*

**Response to Paragraph 65:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. Defendants admit the factual allegations in the second, third, and fourth sentences of this Paragraph. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 66:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 67:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 68:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 69:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this

Paragraph contains any factual allegations, Defendants deny them.

**Response to Paragraph 70:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 71:** Denied.

**Response to Paragraph 72:** Denied.

**Response to Paragraph 73:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 74:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 75:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence. Defendants admit that Hillrom sells one or more models of ICU Beds. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 76:** Admitted.

**Response to Paragraph 77:** Admitted.

**Response to Paragraph 78:** Denied.

**Response to Paragraph 79:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 80:** Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 81:**  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

*"The Birthing Bed Market"*

**Response to Paragraph 82:**  The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. Defendants admit the factual allegations in the second, third, fourth, and fifth sentences of this Paragraph.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 83:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 84:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 85:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 86:**  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this

Paragraph contains any factual allegations, Defendants deny them.

**Response to Paragraph 87:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 88:** Denied.

**Response to Paragraph 89:** Denied.

**Response to Paragraph 90:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 91:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 92:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence. Defendants admit that Hillrom sells one or more models of Birthing Beds. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 93:** Admitted.

**Response to Paragraph 94:** Admitted.

**Response to Paragraph 95:** Denied.

**Response to Paragraph 96:** Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 97:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**"The Customers and Distribution Channels in the Relevant Markets"**

**Response to Paragraph 98:** Admitted.

**Response to Paragraph 99:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 100:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 101:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 102:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 103:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

*"Group Purchasing Organizations"*

**Response to Paragraph 104:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 105:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 106:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 107:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 108:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 109:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 110:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 111:</u>**  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 112:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 113:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 114:</u>**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

*"Integrated Delivery Networks"*

**<u>Response to Paragraph 115:</u>**  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 116:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 117:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 118:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 119:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 120:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 121:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 122:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 123:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 124:** The first sentence of this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 125:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such

documents or statements themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 126:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 127:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 128:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 129:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 130:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 131:** Denied.

### **"Hillrom's Monopoly Power"**

**Response to Paragraph 132:** Denied.

**Response to Paragraph 133:** Denied.

**Response to Paragraph 134:** Denied.

**Response to Paragraph 135:** Defendants admit that as of November 2021, Hillrom had a market capitalization of $10.27 billion and employed over 10,000 employees. Defendants further

admit that, following the Baxter acquisition, the combined company has a market capitalization of over $45 billion and nearly 60,000 employees. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 136:** Denied.

**Response to Paragraph 137:** Denied.

**Response to Paragraph 138:** Defendants admit that Hillrom's overall gross profit margins have increased steadily over the past decade, and that the rate of increase in those overall gross profit margins has accelerated over the past five years.

**Response to Paragraph 139:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants deny that Hillrom attributes its gross margin expansion to its ability to increase prices. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 140:** Defendants deny the allegation in the first sentence of this Paragraph. Defendants admit that Kinetic Concepts, Inc. and Joerns Healthcare, LLC are not identified in Hillrom's 2021 10-K filing because their relevant businesses were acquired by or merged with other entities. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 141:** Denied.

**"Barriers to Entry in the Relevant Markets"**

**Response to Paragraph 142:** Denied.

**Response to Paragraph 143:** Denied.

**Response to Paragraph 144:** Defendants deny the allegations in this Paragraph

concerning Hillrom's conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding barriers faced by a hypothetical new entrant.

**Response to Paragraph 145:** To the extent this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions, no response is required. To the extent a response is required, Defendants admit that the manufacture and sale of hospital beds requires capital. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 146:** Defendants admit that Hillrom has invested time and resources in research and product development and in securing regulatory approvals. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding hypothetical new entrants in this Paragraph. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 147:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding hypothetical new entrants in this Paragraph. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 148:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 149:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding hypothetical new entrants in this Paragraph. Defendants admit that Hillrom's annual operating budget for its Enterprise Accounts team was approximately $17 million in 2019. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 150:** Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 151:** Denied.

**Response to Paragraph 152:** Defendants admit that Hillrom has defended several antitrust lawsuits over the past two decades. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 153:** Defendants admit that KCI filed a lawsuit against Hillrom and Hillenbrand in 1995 alleging that Hillrom's discount policies violated the antitrust laws. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements regarding that litigation, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 154:** Defendants admit that publicly-available information indicates that KCI sold its hospital bed business in 2012. Defendants lack knowledge or information sufficient to form a belief as to why KCI decided to exit the market.

**Response to Paragraph 155:** Defendants admit that Spartanburg Regional Health Care System ("Spartanburg") filed a putative class action against Hillrom and Hillenbrand in 2003. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents in that litigation, Defendants refer to such documents themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 156:** Defendants admit that Hillrom settled the Spartanburg

action with a settlement class for $337.5 million and agreed to follow certain pricing policies for a period of three years following the settlement. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents regarding that settlement, Defendants refer to such documents themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 157:** Defendants admit that in 2009, Freedom Medical, Inc. ("Freedom Medical") filed a complaint against Hill-Rom Company, Inc., Universal Hospital Services, Inc., Premier Purchasing Partners, L.P., Premier, Inc., and Novation, L.L.C., that Freedom Medical settled with Hill-Rom Company, Inc. in 2011 on a confidential basis. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 158:** Defendants admit that UHS filed a complaint against Defendants in 2015, that UHS and Defendants settled the case in 2018, and that, as part of the settlement, Hill-Rom Holdings, Inc. sold its third-party rental business to UHS, which business generated $35 million dollars during the 2017 fiscal year. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 159:** Defendants deny that Hillrom engaged in any "anti-competitive practices." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph related to hypothetical new entrants and KCI. To

the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 160:** Defendants deny that Hillrom engaged in any "anti-competitive practices." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding the alleged "challenges" faced by hypothetical new entrants. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 161:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 162:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**Response to Paragraph 163:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding what IDNs are willing to consider. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 164:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding "competitors." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 165:** Defendants admit that Hillrom devotes extensive resources to building and maintaining its relationships with IDNs and deny the remaining allegations

regarding Hillrom.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding "new vendors." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

      **Response to Paragraph 166:**  Denied.

      **Response to Paragraph 167:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

      **Response to Paragraph 168:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to individual hospital's practices and preferences.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

      **Response to Paragraph 169:**  Defendants admit that the useful life of Hillrom hospital beds is 10 years and that customers sometimes keep the beds in service for longer.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to the alleged "market dynamics." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

      **Response to Paragraph 170:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding individual hospital's practices, preferences, and decision-making processes.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

      **Response to Paragraph 171:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding individual hospital's practices, preferences, and decision-making processes. Defendants deny that Hillrom has implemented any strategy to increase switching costs for hospitals.  To the extent this Paragraph

contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 172:** Denied.

**Response to Paragraph 173:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding what market share other companies may "need[] to compete effectively in the Relevant Markets." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 174:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding effects at the individual hospital level. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 175:** Defendants admit that nurse call systems are subject to standards and regulation, which may vary depending on the location of the hospital in which the system is installed. Regarding the specific requirements of those regulations, Defendants refer to the regulations themselves for a complete and accurate account. Defendants further admit that Hillrom's nurse call system operates on an open, scalable platform that allows facilities to customize the information collected, and is capable of interfacing with a hospital's digitized electronic health record system to collect and record relevant data points. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding other nurse call systems. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 176:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this Paragraph. Defendants admit the allegations in the third and fourth sentences of this Paragraph.

**Response to Paragraph 177:** Defendants admit that there is a standard EHR format to send medical device data or any other data to an EHR, and that Hillrom products use this standard when transmitting data to an EHR. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning hospital systems. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 178:** Defendants admit that Hillrom previously offered a nurse call system under the brand name "NaviCare," now known as "Voalte Nurse Call." Hillrom's nurse call systems offers similar features to those described above. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 179:** Denied.

**Response to Paragraph 180:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding expenses and actions undertaken by hospitals. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 181:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding expenses and actions undertaken by hospitals and what is "cost-prohibitive." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 182:** Defendants admit that Baxter manufacturers durable medical equipment, including infusion pumps. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 183:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding the practices of other alleged competitors. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 184:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding other alleged "incumbents." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 185:** Defendants deny that Hillrom's "large number of patents means that it takes more time for competitors to innovate and find different ways to accomplish their objectives and features." Defendants admit that they have patents for numerous products and services described in this Paragraph, although Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the specific number of patents for individual products, which may require expert analysis. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 186:** Defendants admit Hillrom holds patents that cover certain of its products and that it enforces those patents when appropriate and authorized by law. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 187:** Defendants admit that Hillrom has brought suit to enforce its intellectual property rights where appropriate and authorized by law. Defendants deny that Hillrom has sued or threatened to sue without basis.

**Response to Paragraph 188:** Defendants admit that Hillrom sued Stryker Corporation for patent infringement , the lawsuit settled, and the Patent Trial and Appeal Board affirmed an examiner's rejection of one of the patent claims in the lawsuit. To the extent this Paragraph

contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 189:** Defendants admit that they sued Huntleigh Healthcare LLC in 2010 for patent infringement related to certain patents for bed lifting and positioning technology, and that the parties settled in 2011. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 190:** Denied.

**Response to Paragraph 191:** Defendants admit that many hospitals contract through GPOs. To the extent the allegations in this Paragraph purport to characterize or describe license agreements or other contracts, Defendants refer to such documents themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding the percentage of U.S. hospitals that contract with GPOs as well as the needs of hypothetical new entrants. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 192:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding hypothetical new entrants. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 193:** Defendants admit that many hospitals contract through GPOs and that vendors pay administrative fees to GPOs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 194:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 195:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is

required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding hypothetical new entrants. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 196:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding smaller manufacturers. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 197:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding GPOs and new entrants. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 198:** Defendants admit that Standard Hospital, ICU, and Birthing Beds are Class II medical devices subject to regulation by the FDA.

**Response to Paragraph 199:** Defendants admit that all suppliers of Standard Hospital, ICU, and Birthing Beds must register their products and comply with FDA rules before those products can be sold in the United States. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 200:** Defendants admit that FDA has various regulatory and supervisory authority concerning production facilities. To the extent this Paragraph contains

Plaintiff's characterization of its claims and/or legal conclusions, federal statutes and/or regulations, no response is required. To the extent a response is required, Defendants refer to such statutes and/or regulations for a complete and accurate account. Defendants deny the remaining factual allegations in this Paragraph.

**Response to Paragraph 201:** Defendants admit that Hillrom was subject to the U.S. federal medical device excise tax when it was in force and hospital beds were considered to be medical devices. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding taxes on other companies. To the extent this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions, federal statutes and/or regulations, no response is required. To the extent a response is required, Defendants refer to such statutes and/or regulations for a complete and accurate account. Defendants deny the remaining factual allegations in this Paragraph.

## "HILLROM'S ANTI-COMPETITIVE CONDUCT IN THE RELEVANT MARKETS"

**Response to Paragraph 202:** Defendants admit that in 2009, the Affordable Care Act was enacted. To the extent this Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions, federal statutes and/or regulations, no response is required. To the extent a response is required, Defendants deny the remaining allegations.

**Response to Paragraph 203:** Defendants admit that they were defendants in the *Spartanburg* case. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements—including the pleadings, judgment, and/or settlement in the *Spartanburg* case—Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 204:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding Linet.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 205:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding Linet's strategy.  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.

**Response to Paragraph 206:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 207:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 208:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.

**Response to Paragraph 209:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.

**<u>Response to Paragraph 210:</u>** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.

**<u>Response to Paragraph 211:</u>** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.

**<u>Response to Paragraph 212:</u>** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 213:</u>** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 214:</u>** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 215:</u>** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding Linet's beliefs. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**<u>Response to Paragraph 216:</u>** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**<u>Response to Paragraph 217:</u>** Denied.

**<u>Response to Paragraph 218:</u>** Denied.

**<u>Response to Paragraph 219:</u>** Denied.

**<u>Response to Paragraph 220:</u>** Defendants admit that the agreement to adhere to certain

pricing policies as part of the *Spartanburg* settlement was no longer in place as of 2010. Defendants deny the remaining factual allegations in this Paragraph.

**Response to Paragraph 221:** Denied.

**Response to Paragraph 222:** Denied.

**Response to Paragraph 223:** Denied.

**Response to Paragraph 224:** Denied.

**Response to Paragraph 225:** Defendants admit that John Greisch joined Hillrom from Baxter in 2010. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants admit that a company representative stated in part to certain investors that Hillrom "redeployed some sales resources into what we call our enterprise sales group, which is a team focused on some of the larger systems" and that "we redeployed some sales resources into – what we call our enterprise sales group, which is a team focused on some of the larger systems and again leveraging the value of the breadth of our portfolio into the HCAs, the extensions etcetera" but deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 226:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 227:** Denied.

**Response to Paragraph 228:** Denied.

**Response to Paragraph 229:** Defendants admit that the quoted language appears on Mr. Crane's LinkedIn page but deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 230:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding the contract status Linet allegedly gained. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 231:** Denied.

**Response to Paragraph 232:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 233:** Denied.

**Response to Paragraph 234:** Denied.

**Response to Paragraph 235:** Denied.

**Response to Paragraph 236:** Defendants deny the allegation that Hillrom recognized that it could not compete head-to-head on either price or quality at a product level. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph that GPOs and IDNs typically contract for products by category to avoid antitrust concerns. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 237:** Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in this Paragraph about what led hospitals to bring the Spartanburg litigation. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 238:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding IDN baseline needs in this Paragraph. Defendants deny the remaining allegations in this paragraph.

**Response to Paragraph 239:** Denied.

**Response to Paragraph 240:** Defendants admit that Hillrom markets its products to large health systems and denies the remaining allegations in this Paragraph.

**Response to Paragraph 241:** Denied.

**Response to Paragraph 242:** Defendants admit that Hillrom entered contracts with HCA, Health Trust, and Providence Health in 2014. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 243:** Defendants admit that Hillrom entered a contract with HCA in 2014. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 244:** Defendants admit that Hillrom entered a contract with Providence Health in 2014. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or

statements themselves for a complete and accurate account.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 245:** Denied.

**Response to Paragraph 246:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding how these deals were received by the industry.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 247:** Defendants admit that Mr. Greisch said in 2014 the words "locking them in with the contracts that we've got, I feel very good about our position there" but deny that the Complaint accurately or completely reflects the context or meaning of these statements.  Defendants deny the allegation that the advent of the CEAs—and the covert resuscitation of the anti-competitive conduct that sparked the Spartanburg litigation brought by its customers—led to enormous returns for Hillrom. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**Response to Paragraph 248:** Denied.

**Response to Paragraph 249:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 250:** Defendants admit that on December 1, 2020, Hillrom's then-CEO John Groetlaars stated at the Evercore ISI HealthCONx Conference that "[w]e've taken

$50 million of SG&A spend and removed it from the P&L, reinvesting about $30 million of that into other growth areas.  So $20 million will roughly drop through as savings, but $30 million is getting reinvested in emerging markets in our Care Comm team and expansion and having a larger enterprise accounts team across the U.S. to take advantage of the broader portfolio that we bring to the marketplace."  Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Hillrom's Enterprise Accounts, "as described by Matt Crane."  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 251:**  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 252:**  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 253:**  Defendants admit that the quoted statements are attributable to Mr. Groetelaars but deny that the Complaint accurately or completely reflects the context or meaning of these statements.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 254:**  Denied.

### "HILLROM'S CORPORATE ENTERPRISE AGREEMENTS ARE ANTI-COMPETITIVE"

**Response to Paragraph 255:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 256:** Denied.

**Response to Paragraph 257:** Denied.

**Response to Paragraph 258:** Denied.

**Response to Paragraph 259:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 260:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 261:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. .

**Response to Paragraph 262:** Denied.

**Response to Paragraph 263:** Denied.

**Response to Paragraph 264:** Denied.

**Response to Paragraph 265:** Denied.

**Response to Paragraph 266:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph about Linet's expansion plans.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 267:**  This Paragraph contains Plaintiff's characterization of its

claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 268:** Denied.

**Response to Paragraph 269:** Denied.

**Response to Paragraph 270:** Defendants admit that competition often results in lower prices and greater innovation, improving consumer welfare. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 271:** Denied.

**Response to Paragraph 272:** Denied.

**Response to Paragraph 273:** Denied.

**Response to Paragraph 274:** Defendants admit that sometimes, but not always, IDNs choose to contract with Defendants through their corporate parents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph about the degree of ownership and control exercised by IDN's corporate parents over individual hospitals. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 275:** Defendants admit that certain IDN parent corporations have made the choice to contract with Hillrom. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 276:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph about hospitals' preferences and what hospitals allegedly told Linet. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 277:** Denied.

**Response to Paragraph 278:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 279:** Denied.

**Response to Paragraph 280:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 281:** Denied.

**Response to Paragraph 282:** Denied.

**Response to Paragraph 283:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph about the alleged typical length of GPO or IDN product-level agreement as well as the purpose of that term. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 284:** Denied.

**Response to Paragraph 285:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 286:** Denied.

**Response to Paragraph 287:** Denied.

**Response to Paragraph 288:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding all U.S. hospitals' capital investments. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 289:**  Defendants admit that, sometimes, but not always, customers choose to enter Enterprise Agreements around the time of a replacement cycle, and that it is their choice whether to do so.  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 290:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph about the conduct of IDN corporate parents. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 291:**  Denied.

**Response to Paragraph 292:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 293:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 294:**  Denied.

**Response to Paragraph 295:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 296:**  Denied.

**Response to Paragraph 297:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Response to Paragraph 298:**  Denied.

**Response to Paragraph 299:**  Denied.

**Response to Paragraph 300:** Defendants deny the allegation that Hillrom has prevented IDNs from speaking with Linet or further intimidated them to the point that they are afraid to say anything to Linet. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Response to Paragraph 301:** Denied.

**Response to Paragraph 302:** Denied.

**Response to Paragraph 303:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph about what Linet believes. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

## "HILLROM STIRS OTHER ANTI-COMPETITIVE CONDUCT INTO ITS MONOPOLY BROTH"

**Response to Paragraph 304:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 305:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Hillrom was acquired by Baxter International Inc. in December 2021. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 306:** Denied.

**Response to Paragraph 307:** Denied.

**Response to Paragraph 308:** Defendants admit that Hillrom, like every successful company, seeks to grow its business. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 309:** Denied.

**Response to Paragraph 310:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph about what percentage of hospital rooms have Hillrom beds installed. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 311:** Defendants admit that Hillrom acquired the listed companies in the years specified. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 312:** Defendants admit that Hillrom acquired Mediq, Volker, and Tridien. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph attributed to "the analyst." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 313:** Defendants admit the factual allegations in the first two sentences of this Paragraph. Defendants further admit that on September 25, 2015, then-CFO Steve Strobel stated at the Hill-Rom Holdings, Inc. 2015 Investor Conference that "[f]or our front line care business, which excludes Welch Allyn and – includes Welch Allyn and respiratory care, we expect to experience slightly higher growth rates in the mid-single-digit range. This will be driven by taking our newly expanded portfolio to customers through our strong enterprise selling relationships." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 314:** Defendants admit that there was a so-called "One Hill-Rom approach." To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 315:**  Defendants admit that on May 5, 2015, then-CEO John Greisch said on an earnings call that "[t]he rest of our portfolio and how we leverage the position we have with our customers on the back of the strength of our bed franchise is what excites us as we look forward."  Defendants further admit that on February 3, 2015, then-CEO John Greisch stated on an earnings call that "the sense of urgency we have around rounding out and improving the portfolio is as high as it's ever been."  Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements.  To the extent this Paragraph contains any factual allegations, Defendants deny them.

**Response to Paragraph 316:**  Defendants admit that Hillrom offers a range of impactful medical technologies, communication tools, and information technology to provide caregivers the products and solutions needed to enhance patient care and outcomes. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 317:**  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account.  To the extent this Paragraph contains any factual allegations, Defendants deny them.

**Response to Paragraph 318:**  Defendants admit that Baxter International Inc. completed its acquisition of Hillrom for $10.5 billion in December 2021.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 319:**  Defendants admit that Baxter sells infusion pumps, which are medical devices that deliver fluids, such as nutrients and medications, into a patient's body in controlled amounts and are typically used to treat patients while they are laying on their hospital beds. To the extent this Paragraph contains any remaining factual allegations, Defendants deny

them.

**Response to Paragraph 320:** Denied.

**Response to Paragraph 321:** Defendants admit that Hillrom previously purchased infusion pumps from Baxter for its movable medical equipment business, but later exited the movable medical equipment business. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 322:** To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. To the extent this Paragraph contains any factual allegations, Defendants deny them.

**Response to Paragraph 323:** Defendants admit that, as disclosed in their proxy statement, on July 16, 2021, José (Joe) E. Almeida, Chairman, President and Chief Executive Officer of Baxter, placed a phone call to John P. Groetelaars, President and Chief Executive Officer of Hillrom. In that phone conversation, Mr. Almeida indicated that Baxter would be interested in acquiring Hillrom in an all-cash transaction for $144 per share and that following that telephone call, Mr. Almeida would be sending a letter to Mr. Groetelaars outlining the Baxter proposal. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 324:** Denied.

**Response to Paragraph 325:** Defendants admit that on September 2, 2021, Baxter and Hillrom issued a joint press release announcing Baxter's acquisition of Hillrom for approximately $10.5 billion. Defendants admit that Baxter completed its acquisition of Hillrom on December 13, 2021. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants also refer to such documents or statements

themselves for a complete and accurate account.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 326:**  Defendants admit that Baxter has noted in certain SEC filings that "[a]lthough no single company competes with us in all of our businesses, we face substantial competition in all of our markets from international and domestic healthcare and pharmaceutical companies and providers of all sizes, and these competitors often differ across our businesses. Competition is primarily focused on cost-effectiveness, price, service, product performance, and technological innovation."  Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 327:**  Defendants admit that in an SEC filing dated October 20, 2021, they reported that "[o]n October 13, 2021, the FTC sent a form letter to Hillrom and Baxter indicating that, while the waiting period has expired, the FTC reserves its right to take further action with respect to the transaction, including challenging its consummation before or after the fact. This letter is consistent with the HSR Act and the FTC's recently announced practice of sending such letters to parties making filings under the HSR Act" but deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 328:**  Denied.

**Response to Paragraph 329:**  Defendants admit that connected care systems include, among other things, electronic health records, continuous patient monitoring through smart bed surfaces and communications solutions, and data management and analysis systems.  Defendants admit that Hillrom supports connected care systems because collecting and transmitting the most

up-to-date patient information enables care teams to quickly make informed decisions and improve patient outcomes.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 330:**  Defendants admit that Hillrom introduced the Centrella Smart+ bed in 2017.  Defendants further admit that the Centrella bed is compatible with nurse call systems, as required by law, but that customers purchase Centrella beds with and without Hillrom's Voalte Nurse Call product.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 331:**  Defendants admit that nurse call systems have existed for decades, that some of these systems work through 37-pin connector cables that connect hospital beds to a communications system, and that hospitals are required to have nurse call systems. Defendants further admit that industry standards for nurse call systems exist, but specific requirements for a nurse call system can vary based on the location of the hospital.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 332:**  Defendants admit that Hillrom sells bed connectivity products that offer features that permit additional information and data about a hospital bed (i.e., bed position, whether the siderails are up) to be collected and transmitted and that these additional features aim to help hospitals predict and prevent negative patient outcomes.   Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 333:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding whether nurse call systems involved "hefty" capital investments or are "expensive" from the perspective of hospitals. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 334:**  Defendants admit that nurse call systems are capable of interfacing with a hospital's EHR system to collect and record certain data points.  Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 335:**  Defendants admit that Hillrom acquired NaviCare Systems in 2004.  To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants also refer to such documents or statements themselves for a complete and accurate account.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 336:**  Denied.

**Response to Paragraph 337:**  Defendants admit that Hillrom's care communications solutions use industry-standard protocols and open APIs to connect with devices already present in hospitals, including patient monitoring devices, smart beds, and EMRs.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 338:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding Linet beds.  Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 339:**  Denied.

**Response to Paragraph 340:**  Defendants admit that non-Hillrom beds can communicate information beyond basic information via NaviCare via APIs.   Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 341:**  Denied.

**Response to Paragraph 342:**  Denied.

**Response to Paragraph 343:**  Defendants admit that at the January 16, 2020 JP Morgan

Healthcare Conference, then-CEO Mr. Groetelaars stated that, "In addition to that, we also can connect on an increasing basis, third-party equipment, that is non Hill-Rom equipment, and tied into this platform or this ecosystem, and through a universal gateway, both in the cloud and on-premises are able to integrate all these devices and data and then tie them to a nurse call communication system or a mobile nurse call system, which is increasingly where the market is going. So we're taking data, driving insights and turning that into action that is integrated into the normal workflow of the health care providers. And by doing that, in both a nurse call system and a mobile platform, we are committed to driving interoperability with our devices and other third-party equipment as well as integration into the EMR for data storage." Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 344:** Denied.

**Response to Paragraph 345:** Denied.

**Response to Paragraph 346:** Defendants admit that Centrella offered more features than its predecessor beds and, accordingly, customers were willing to pay more for the Centrella bed. To the extent the allegations in this Paragraph purport to characterize or describe publicly available documents or statements, Defendants refer to such documents or statements themselves for a complete and accurate account. Defendants deny the remaining allegations in this Paragraph.

**Response to Paragraph 347:** Defendants admit that Hillrom pursued a "Connected Care" vision to provide simple, secure and connected monitoring solutions that provide accurate and timely vital signs data so that clinicians can make more informed decisions to enhance patient care. Defendants admit that Hillrom Holdings, Inc. acquired Voalte, Inc. in 2019, and Excel Medical Electronics and Connecta Soft, S.A. de C.V. in 2020, all of which provide communications and

connectivity solutions. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 348:** Defendants admit that on November 6, 2020, then-CEO John Groetelaars said during an earnings call that "[w]e've been building for quite some time, a very differentiated platform on our bed business. In fact, I would actually say we're turning the corner and it's really more of a patient monitoring and connected care system today. Given all the technology and sensors and real-time communication capability that we've built into the system of the bed as a digital hub, the sensors and then the communication tools that surround it with our Care Comm and mobile communication business." Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 349:** Denied.

**Response to Paragraph 350:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning what hospitals have purportedly told Linet. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 351:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning what hospitals have purportedly told Linet. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 352:** Defendants admit that on May 14, 2019, Mr. Groetelaars stated at the Bank of America Merrill Lynch Health Care Conference that "[t]he other reason we were pursuing this product category and the acquisition of Voalte makes sense is it really

provides that data-rich communication tool that is essential to a part of a closed ecosystem – or closed loop ecosystem.  It's not that it's closed.  It's a closed loop.  It's going to be interoperable with other devices out there to really create this acute care ecosystem of real-time sensing, real-time communication and addition of future algorithms in the future to help drive stronger intelligence and insight to alerts and alarms that caregivers get regarding the patient status."  Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 353:**  Denied.

**Response to Paragraph 354:**  Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in this Paragraph concerning what "Linet has been told" and unnamed "IDNs and hospitals" purported preference for Linet beds. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 355:**  Denied.

**Response to Paragraph 356:**  Defendants admit that the quoted statements are attributable to Mr. Groetelaars, but deny that the Complaint accurately or completely reflects the context or meaning of these statements.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 357:**  Denied.

**Response to Paragraph 358:**  Denied.

**Response to Paragraph 359:**  Denied.

**Response to Paragraph 360:**  Denied.

**Response to Paragraph 361:**  Defendants admit that on March 23, 2021, in response to a

question at the KeyBanc Capital Markets Life Sciences & Medtech Investor Forum, Mr. Groetelaars stated that "[t]he short answer is yes. [The acquisition of Excel Medical] does help us integrate with other third parties, and we'll continue to add additional software tools to integrate with additional third parties. In many cases, these are going to be large companies who would be good partners for us in that endeavor. If it's covering infusion pumps as an example, integrating those devices into this ecosystem and providing a platform or medical device integration tool for EMR integration, but also care communication integrations makes a lot of sense. And it just adds to the value proposition and interoperability of our platform." Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

      **Response to Paragraph 362:** Denied.

      **Response to Paragraph 363:** Denied.

      **Response to Paragraph 364:** Denied.

      **Response to Paragraph 365:** Defendants deny that they "deliberately spread[] misinformation about Linet's hospital bed offerings to hospital customers." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning what unnamed individuals purportedly said. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

      **Response to Paragraph 366:** Defendant deny that they try "to undercut Linet by spreading falsehoods about Linet's service." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning what unnamed individuals purportedly said. To the extent this Paragraph contains any remaining factual

allegations, Defendants deny them.

**Response to Paragraph 367:** Denied.

**Response to Paragraph 368:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## "THE ANTI-COMPETITIVE EFFECTS OF HILLROM'S CONDUCT"

**Response to Paragraph 369:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 370:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 371:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 372:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning what unidentified supply chain officials have reported. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 373:** Defendants admit that competition in the hospital bed industry drives down prices. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning the prices of hospital beds in Europe. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 374:**  Defendants admit that on July 28, 2017, then-CEO John Groetelaars stated on an earnings call that "historically, a lot of our R&D went into our bed franchise—into our bed portfolio.  We're pretty much done with that investment.  We've got a few things still to do.  But if you look at our R&D, which I think has grown 50 basis points as a percentage of sales over the past 2 or 3 years, the majority of that investment is going into the products that we've talked about as well as some sustaining work.  But non-bed products in terms of the big hitters, we're still putting money to grow our bed franchise, revenue contribution from new products to continue to accelerate as we go forward."  Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements.  Defendants further deny that Hillrom has "little interest in further innovation" and deny that it has ceased investing in making its bed products competitive.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 375:**  Denied.

**Response to Paragraph 376:**  Denied.

**Response to Paragraph 377:**  Denied.

**Response to Paragraph 378:**  Denied.

**Response to Paragraph 379:**  Denied.

**Response to Paragraph 380:**  Denied.

**Response to Paragraph 381:**  Denied.

**Response to Paragraph 382:**  Defendants admit that Baxter acquired Hillrom, but deny that the acquisition reduced competition in any market.  To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 383:**  Denied.

**Response to Paragraph 384:** Defendants admit that on November 6, 2020, then-CEO John Groetelaars stated on an earnings call that "[w]e do expect our customers to become larger and more significant in terms of large, enterprise-wide purchasing decisions." Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 385:** Denied.

**"HILLROM'S CONCEALMENT OF ITS ONGOING
ANTI-COMPETITIVE CONDUCT"**

**Response to Paragraph 386:** Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning Plaintiff. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 387:** Denied.

**Response to Paragraph 388:** Denied.

**Response to Paragraph 389:** Defendants admit that Hillrom's agreements with IDNs are subject to confidentiality provision that are standard in the industry. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 390:** Denied.

**Response to Paragraph 391:** Denied.

**Response to Paragraph 392:** Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning Linet and non-parties. Defendants deny that they "muzzled customers and threatened them" and that they "used threats and intimidation." To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 393:** Defendants admit that Hillrom's Global Code of Conduct states that "[w]e achieve results based on the quality of our products and our employees, never

through unfair business practices," that Hillrom has referred to certain IDN agreements as "competitive wins," and that Hillrom's financial disclosures state that it operates "in a highly competitive industry." Defendants deny that these statements are false. Defendants further deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 394:** Defendants admit that on February 5, 2021, Mr. Groetelaars stated on an earnings call, in response to questions, that "I haven't – didn't have a chance to go back and confirm, but I believe this is our single largest deal that the company has ever done as part of 1 contract," and that "I, unfortunately, can't mention the name of the customer, but it was one of the largest -- one of the top 3 largest hospital systems in the country." Defendants deny that the Complaint accurately or completely reflects the context or meaning of these statements. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 395:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have engaged in anticompetitive conduct or in active and intentional concealment thereof. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 396:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have engaged in anticompetitive conduct or in active and intentional concealment thereof. To the extent this Paragraph contains any remaining factual allegations, Defendants deny them.

**Response to Paragraph 397:** This Paragraph contains Plaintiff's characterization of its

claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 398:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 399:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 400:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations

**Response to Paragraph 401:** Denied.

**Response to Paragraph 402:** Denied.

**Response to Paragraph 403:** Denied.

**Response to Paragraph 404:** Denied.

**Response to Paragraph 405:** Denied.

**"CAUSES OF ACTION"**

**"COUNT I"**
**"Monopolization or Attempted Monopolization of the Standard Hospital Bed Market
in Violation of Section 2 of the Sherman Act (15 U.S.C. §2)"**

**Response to Paragraph 406:**  Defendants incorporate by reference their answers to paragraphs 1-405 above with the same force and effect as if they had been fully stated herein. To the extent any further response is required, Defendants deny the allegations.

**Response to Paragraph 407:** This Paragraph contains Plaintiff's characterization of its

59

claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 408:** Denied.

**Response to Paragraph 409:** Denied.

**Response to Paragraph 410:** Denied.

**Response to Paragraph 411:** Denied.

**Response to Paragraph 412:** Denied.

**Response to Paragraph 413:** Denied.

**Response to Paragraph 414:** Denied.

**Response to Paragraph 415:** Denied.

**Response to Paragraph 416:** Denied.

**"COUNT II"**
**"Monopolization or Attempted Monopolization of the ICU Bed Market**
**in Violation of Section 2 of the Sherman Act (15 U.S.C. §2)"**

**Response to Paragraph 417:** Defendants incorporate by reference their answers to paragraphs 1-405 above with the same force and effect as if they had been fully stated herein. To the extent any further response is required, Defendants deny the allegations.

**Response to Paragraph 418:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 419:** Denied.

**Response to Paragraph 420:** Denied.

**Response to Paragraph 421:** Denied.

**Response to Paragraph 422:** Denied.

**Response to Paragraph 423:** Denied.

**Response to Paragraph 424:** Denied.

**Response to Paragraph 425:** Denied.

**Response to Paragraph 426:** Denied.

**Response to Paragraph 427:** Denied.

**"COUNT III"**
**"Monopolization or Attempted Monopolization of the Birthing Bed Market**
**in Violation of Section 2 of the Sherman Act (15 U.S.C. §2)"**

**Response to Paragraph 428:** Defendants incorporate by reference their answers to paragraphs 1-405 above with the same force and effect as if they had been fully stated herein. To the extent any further response is required, Defendants deny the allegations.

**Response to Paragraph 429:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 430:** Denied.

**Response to Paragraph 431:** Denied.

**Response to Paragraph 432:** Denied.

**Response to Paragraph 433:** Denied.

**Response to Paragraph 434:** Denied.

**Response to Paragraph 435:** Denied.

**Response to Paragraph 436:** Denied.

**Response to Paragraph 437:** Denied.

**Response to Paragraph 438:** Denied.

**"COUNT IV"**
**"Unlawful Exclusive Dealing**
**in Violation of Section 1 of the Sherman Act**
**(15 U.S.C. §1)"**

**Response to Paragraph 439:**  Defendants incorporate by reference their answers to paragraphs 1-405 above with the same force and effect as if they had been fully stated herein. To the extent any further response is required, Defendants deny the allegations.

**Response to Paragraph 440:** Denied.

**Response to Paragraph 441:**  This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 442:** Denied.

**Response to Paragraph 443:** Denied.

**Response to Paragraph 444:** Denied.

**Response to Paragraph 445:** Denied.

**Response to Paragraph 446:** Denied.

**"COUNT V"**
**"Unlawful Exclusionary Bundling**
**in Violation of Section 3 of the Clayton Act (15 U.S.C. §14)"**

**Response to Paragraph 447:**  Defendants incorporate by reference their answers to paragraphs 1-405 above with the same force and effect as if they had been fully stated herein. To the extent any further response is required, Defendants deny the allegations.

**Response to Paragraph 448:** Denied.

**Response to Paragraph 449:** Denied.

**Response to Paragraph 450:** Denied.

**Response to Paragraph 451:** Denied.

**Response to Paragraph 452:** Denied.

**"COUNT VI"**
**"Anti-Competitive Conduct**
**in Violation of the Illinois Antitrust Act (740 ILCS 10/3)"**

**Response to Paragraph 453:** Defendants incorporate by reference their answers to paragraphs 1-405 above with the same force and effect as if they had been fully stated herein. To the extent any further response is required, Defendants deny the allegations.

**Response to Paragraph 454:** Denied.

**Response to Paragraph 455:** Denied.

**Response to Paragraph 456:** Denied.

**Response to Paragraph 457:** Denied.

**Response to Paragraph 458:** Denied.

**"COUNT VII"**
**"Unfair Methods of Competition and/or Unfair or Deceptive Acts or Practices**
**in Violation of the Illinois Consumer Fraud Act (815 ILCS 505/1)"**

**Response to Paragraph 459:** Defendants incorporate by reference their answers to paragraphs 1-405 above with the same force and effect as if they had been fully stated herein. To the extent any further response is required, Defendants deny the allegations.

**Response to Paragraph 460:** Denied.

**Response to Paragraph 461:** Denied.

**Response to Paragraph 462:** Denied.

**Response to Paragraph 463:** Denied.

**Response to Paragraph 464:** This Paragraph contains Plaintiff's characterization of its claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Response to Paragraph 465:** Denied.

## "PRAYER FOR RELIEF"

This section of the Complaint states Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff has any valid claim against them, and that Plaintiff is entitled to any of the requested relief.

## "JURY DEMAND"

Defendants deny that any of the claims asserted in the Complaint are valid, and demand a trial by jury for all claims so triable.

## RESERVATION OF RIGHTS

Except to the extent explicitly admitted or qualified above, Defendants deny each and every allegation of the Complaint. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to this action.

## AFFIRMATIVE DEFENSES

Without assuming any burdens that Defendants would not otherwise bear, Defendants assert the following affirmative and other defenses. These defenses are pleaded in the alternative, and none constitutes an admission that Defendants are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief.

1. **First Defense.** Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted and/or fails to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.

2. **Second Defense.** Plaintiff has failed to plead false statements, deceptive practices, fraud and/or fraudulent concealment with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

3. **Third Defense.** Plaintiff's claims are barred, in whole or in part, because Defendants lacked the necessary knowledge and/or intent for the claims that Plaintiff asserts.

4. **Fourth Defense.** Plaintiff's claims are barred, in whole or in part, because the Defendants success is due to the superiority of its products including in quality, price, innovativeness, or other dimensions, due to Defendant's trade secrets, know-how, copyrights, or other intellectual property, or otherwise due to Defendants' business acumen.

5. **Fifth Defense.** Insofar as Plaintiff alleges that Defendants violated the antitrust rule of reason, such claims are barred, among other reasons, because the Complaint does not allege a properly defined relevant market or market power by Defendants, because any restraints complained of are ancillary to legitimate, procompetitive activities, and because the procompetitive effects of Defendants' legitimate activities outweigh the anticompetitive effects.

6. **Sixth Defense.** Plaintiff's claims are barred, in whole or in part, because an insufficient proportion of the relevant market has been foreclosed by the challenged conduct.

7. **Seventh Defense.** Plaintiff's claims are barred, in whole or in part, because the prices charged by Defendants were above a reasonable measurement of Defendants' costs.

8. **Eighth Defense.** Plaintiff's claims and requests for damages and relief, including injunctive relief, would result in a compulsory license, and thus an unjust and uncompensated taking of Defendants' intellectual property rights contrary to the United States Constitution.

9. **Ninth Defense.** Plaintiff's claims are barred, in whole or in part, by the United States patent laws and because Defendants have the right under such laws to enforce their intellectual property and decline to grant a license to a competitor.

10. **Tenth Defense.** Plaintiff's claims are barred, in whole or in part, to the extent they are preempted by federal patent law.

11. **Eleventh Defense.** Plaintiff's claims are barred, in whole or in part, to the extent they are based on petitioning activities protected under the *Noerr-Pennington* doctrine and the First Amendment of the United States Constitution.

12. **Twelfth Defense.** Plaintiff's claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

13. **Thirteenth Defense.** Plaintiff's claims are barred, in whole or in part, by the federal and state laws and regulatory schemes that govern the contracting practices alleged in the Complaint .

14. **Fourteenth Defense.** Plaintiff has not suffered, and will not suffer, injury of the type that the antitrust laws are designed to prevent, and thus lacks antitrust standing, nor has Plaintiff suffered, and will not suffer, any other injury to a legally cognizable interest, by reason of the conduct alleged in the Complaint.

15. **Fifteenth Defense.** Plaintiff's claims are barred, in whole or in part, because its alleged damages, if any, are speculative and because Plaintiff cannot ascertain or apportion any alleged damages that were proximately caused by Hillrom's conduct.

16. **Sixteenth Defense.** Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose treble damages awards and/or duplicative damages awards, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

17. **Seventeenth Defense.** Plaintiff's claims are barred because Plaintiff lacks antitrust standing because Plaintiff cannot allege or prove that Defendants were a material cause of any of Plaintiff's harm.

18. **Eighteenth Defense.** Any injuries, losses, or damages suffered by Plaintiff were

proximately caused by Plaintiff's own actions or omissions regardless of whether contributory, negligent, incompetent, careless, or reckless, or caused by intervening acts of third parties unrelated to Hillrom.

19. **Nineteenth Defense.** Plaintiff has not suffered any actual injury or damage as a result of any of Defendants' alleged conduct because, among other reasons, Plaintiff passed on to its customers any alleged overcharges or price inflation that allegedly resulted from the conduct alleged herein.

20. **Twentieth Defense.** Plaintiff's prayer for relief is barred, in whole or in part, to the extent such relief, if awarded, would be inequitable.

21. **Twenty-First Defense.** Plaintiffs would be unjustly enriched if allowed to recover any relief claimed to be due.

22. **Twenty-Second Defense.** Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations. 15 U.S.C. § 15b (four years for Sherman Act and Clayton Act claims); 740 ILCS 10/7(2) (four years for Illinois Antitrust Act claim); 815 ILCS 505/10a(e) (three years for Illinois Consumer Fraud Act claim). Many of the allegations in the Complaint, for example, challenge conduct (e.g., customer contracts, terms, or pricing) that allegedly occurred outside the relevant limitations period, and which were public knowledge and/or well-known in the industry prior to the limitations period, including by Plaintiff. Plaintiff's own allegations make it clear that public statements, lawsuits brought by others, and similar information available to Plaintiff put it on actual or constructive or inquiry notice of its purported claims within the limitations period. Plaintiff's conclusory allegations of concealment and/or "equitable estoppel" fail to identify affirmative acts of concealment or interference that could toll the limitations period.

23. **Twenty-Third Defense.** Plaintiff's claims are barred, in whole or in part, by the doctrine

of laches.

24. **Twenty-Fourth Defense.** Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

25. **Twenty-Fifth Defense.** Plaintiff's claims are barred, in whole or in part, as premised upon privileged conduct or actions by Defendants.

26. **Twenty-Sixth Defense.** At all times, Defendants have acted in furtherance of their own legitimate business interests.

27. **Twenty-Seventh Defense.** Plaintiff's request for injunctive relief is barred, in whole or in part, insofar as any threatened future harm or continuing harm is compensable in money damages.

28. **Twenty-Eighth Defense.** Plaintiff's request for injunctive relief is barred, in whole or in part, insofar as Plaintiff seeks to enjoin alleged events that have already transpired and/or without making the requisite showing of threatened future harm or continuing harm.

29. **Twenty-Ninth Defense.** Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

30. **Thirtieth Defense.** Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution, the dormant Commerce Clause, the Illinois Constitution, and/or applicable state law to the extent its claims challenge any conduct or transactions outside the State of Illinois or the United States.

31. **Thirty-First Defense.** Plaintiff's state law claims are barred for the same reasons its federal claims are barred.

32. **Thirty-Second Defense.** Plaintiff's claims are barred by the doctrines of waiver, collateral estoppel, and/or res judicata.

33. **Thirty-Third Defense.** Plaintiff's claims are barred, in whole or in part, because

Defendants' actions were legal under the applicable law, including the law of the Seventh Circuit, at the time they were taken.

34. **Thirty-Fourth Defense.** Plaintiff's claims are barred, in whole or in part, because it failed to mitigate its damages, for example, by requesting that Defendants cease the alleged disparaging conduct and/or other challenged conduct.

35. **Thirty-Fifth Defense.** Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, Defendants contend they are entitled to set off any amounts paid to Plaintiff by any third parties other than Defendants, including through settlements or judgments, for Plaintiff's claims against them in this action or in other actions for the same injuries claimed in this action.

36. **Thirty-Sixth Defense.** Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff received or will receive from others for the same injuries claims in this lawsuit.

Defendants reserve the right to assert each and every other defense of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants against Plaintiff dismissing Plaintiff's claims; awarding costs, disbursements, and attorneys' fees to Defendants; and granting such other and further relief as this Court deems just and proper.

Dated: January 28, 2022                       GIBSON, DUNN & CRUTCHER LLP

/s/  *Elizabeth P. Papez*
Elizabeth P. Papez
Kristen C. Limarzi (*pro hac vice forthcoming*)
Melanie L. Katsur (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave., NW
Washington, DC 20036
Tel:    202.955.8500
Email: EPapez@gibsondunn.com
       KLimarzi@gibsondunn.com
       MKatsur@gibsondunn.com

      *and*

Eric J. Stock (*pro hac vice forthcoming*)
Ben A. Sherwood (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel:    212.351.4000
Email: EStock@gibsondunn.com
       BSherwood@gibsondunn.com

      *and*

Caeli A. Higney (*pro hac vice forthcoming*)
Julian W. Kleinbrodt (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel:    415.393.8200
Email: CHigney@gibsondunn.com
       JKleinbrodt@gibsondunn.com

*Attorneys for Defendants Hill-Rom Holdings, Inc., Hill-Rom Company, Inc., and Hill-Rom Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on January 28, 2022, I caused Defendants' Answer to the Complaint to be served upon the following counsel of record by electronic service:

Julie B. Porter
SALVATORE PRESCOTT PORTER & PORTER PLLC
1010 Davis Street
Evanston, IL 60201
Tel. (312) 283-5711
porter@sppplaw.com

Ryan P. Phair
Leslie Kostyshak
Christopher J. Dufek
Wm. Bennett Sooy
Kelly R. Oeltjenbruns
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
(202) 955-1500
rphair@hunton.com
lkostyshak@hunton.com
cdufek@hunton.com
bsooy@hunton.com
koeltjenbruns@hunton.com

*Attorneys for Plaintiff Linet Americas, Inc.*

*/s/ Elizabeth P. Papez*
Elizabeth P. Papez