UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINET AMERICAS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: 1:21-cv-6890 |
| ) | |
| HILL-ROM HOLDINGS, INC.; HILL-ROM ) | |
| COMPANY, INC.; HILL-ROM SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

# JOINT STATUS REPORT

Plaintiff Linet Americas, Inc. ("Linet") and Defendants Hill-Rom Holdings, Inc., Hill-Rom Company, Inc., and Hill-Rom Services, Inc. (collectively, "Hillrom") file the following Joint Status Report pursuant to the Court's May 31, 2021 Order, Dkt. 43 ("Order"). The Order directed the parties to "file an updated joint status report by 6/21/22 that contains the information discussed on the record" at the May 31 status hearing, Dkt. 43, regarding the parties' positions on "how broad the discovery is going to [b]e" during "the pendency of [Hillrom's] motion for judgment on the pleadings" on Plaintiff's tolling claims. 5/31/22 Tr. at 20:22–21:22.

The parties respectfully submit this report without prejudice to their discovery rights and positions under the federal rules and other applicable law, including issues covered by the July 25 and August 4, 2022 discovery briefing addressed in Scheduling Order No. 1.

## PENDING DISCOVERY

### I. Initial Discovery Requests and Responses.

The parties have exchanged initial requests and served Rule 34 responses and objections. Linet has also served its first set of interrogatories. This report addresses these requests as relevant to the scope questions presented by Hillrom's Rule 12(c) motion on Linet's tolling claims.

Dkt. 42.

***Hillrom's Requests***. Hillrom served its first Requests for Production ("RFPs") on April 8, 2022. Ex. A. Linet served its Responses & Objections ("R&Os") on May 9, 2022. Ex. B.

***Linet's Requests***. Linet served its first RFPs on May 10, 2022, Ex. C, and its first set of interrogatories on May 27, 2022, Ex. D. Hillrom served its R&Os to the first RFPs on June 9, 2022. Ex. E.[1]

## II. Document Custodians.

Pursuant to Scheduling Order No. 1, Dkt. 46, the parties exchanged initial lists of proposed document custodians on June 16, 2022. Exs. F, G. Hillrom proposed 17 initial custodians. Ex. F. Linet proposed 16 initial custodians. Ex. G. To aid discussion of proposed custodians, both sides also exchanged organizational charts in response to certain RFPs. The parties began conferring about custodians on June 20, 2022, and will continue those discussions in the coming week in order to comply with their obligation to disclose additional custodians (as well as an initial list of non-custodial document sources) by June 30, 2022. Dkt. 46.

## AREAS OF AGREEMENT

Subject to all timely objections and rights, including Linet's reservation of rights to seek discovery for the time period it initially requested, the parties have agreed on the following approach to initial discovery. This agreement reflects Hillrom's position that its pending Rule 12(c) motion could impact the scope of discovery and take several months to resolve. Linet does not agree that the outcome of Hillrom's Rule 12(c) motion will or should impact the scope of discovery, but nonetheless agrees to Hillrom's proposal in the spirit of compromise. Accordingly,

---

[1] Hillrom filed its Rule 12(c) motion on Linet's tolling claims on May 27, 2022. Dkt. 42. Linet's response is due June 27, and Hillrom's reply is due July 18. Dkt. 46.

2

the parties respectfully request a status conference with the Court in November 2022 to address their progress on the agreed approach, which would start by focusing on the following post-December 28, 2017 discovery as well as limited categories of agreed pre-limitations period discovery that can be identified after reasonable, good-faith searches:

- <u>Post-December 28, 2017 Discovery</u>:  Both parties will produce non-privileged ESI from December 28, 2017 forward responsive to the requests as indicated in the parties' respective Responses (Exs. B, E);[2]

- <u>Pre-December 28, 2017 Discovery</u>:  Both parties will produce limited categories of pre-December 28, 2017 discovery while the Rule 12(c) motion remains pending and without prejudice to any discovery requests or objections the parties may have after the Rule 12(c) motion is adjudicated, specifically:

    - Hillrom will produce certain categories of documents dating back an additional two years (to January 1, 2016), *see* Ex. H (6/20/22 email):

        - <u>RFP 22</u>:  Hillrom will produce Corporate Enterprise Agreements related to the sale of Relevant Products that Hillrom entered into or renewed since January 1, 2016;

        - <u>RFP 23</u>:  Hillrom will produce sales contracts for Relevant Products between Hillrom and its Customers entered into or renewed since January 1, 2016;

        - <u>RFP 25</u>:  Hillrom will produce information sufficient to show its profit margins and development and manufacturing costs for Relevant Products sold since January 1, 2016;

        - <u>RFP 26</u>:  Hillrom will produce information sufficient to show any rebates Hillrom paid to Customers for Relevant Products sold by Hillrom since January 1, 2016;

        - <u>RFPs 27 & 28</u>:  Hillrom will produce certain documents related to competitive entry, market share, and installed base of Relevant Products going back to January 1, 2016;

        - <u>RFP 29</u>:  Hillrom will produce information sufficient to show Hillrom's sales of Relevant Products since January 1, 2016.

    - Linet will produce non-privileged ESI responsive to Hillrom's limitations-related request (RFP 24), as well as sales contracts and other documents responsive to Hillrom requests that mirror the agreed production categories above.

---

[2]  There are a few Part I requests by Linet that, in Hillrom's view, transgress Rule 26 burden and proportionality requirements because they are facially overbroad or only tangentially relevant to Linet's claims.  Hillrom has offered to meet and confer with Linet about the scope of those requests before agreeing to search for and produce responsive documents.  *See* Ex. E at RFP Nos. 18 and 19.

3

Hillrom agrees that to the extent the parties' current agreement on the scope of discovery means that Hillrom may have to conduct multiple document collections and/or reviews, Hillrom will not object to the incremental burden imposed by this approach, although Hillrom reserves all rights to object to additional discovery on other grounds.

**OPEN ISSUES**

**I.      Linet's Position**

It is well settled in this District that the limitations period does not set the scope of discovery in antitrust cases. Over 60 years ago, in *Sandee Mfg. Co. v. Rohm & Haas Co.*, 24 F.R.D. 53, 57 (N.D. Ill. 1959), the court expressly held that "it is well settled that in suits of this nature, where defendant's monopoly position is sought to be established, discovery is not limited to the period of limitation, nor is it limited to a period measured from the date when the plaintiff first came into existence or commenced competing activities." *See also, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 357 n.5 (N.D. Ill. 2005) ("where the information is otherwise relevant, the statute of limitations is not a basis for barring discovery").[3] Hillrom's position that it is not "legally required to provide any discovery from this period" while its Rule 12(c) motion

---

[3] The case law on this issue is uniform and legion. *See, e.g., Cyntegra, Inc. v. IDEXX Labs., Inc.*, No. CV 06-4170, 2007 WL 9701999, at *4 (C.D. Cal. June 29, 2007) ("Accordingly, in [antitrust] cases, courts have held that the scope of discovery should not be defined by the limitations period or plaintiff's alleged damages."); *Steel of Kansas, Inc. v. Texas Indus., Inc.*, No. 01-2410, 2003 WL 21939019, at *3 (D. Kan. July 22, 2003) ("In [antitrust] cases, the courts held that the temporal scope of discovery in antitrust cases should not be confined to the limitations period of the antitrust statutes or the damage period, and plaintiff is ordinarily permitted to discover defendant's activities for a reasonable period of time antedating the earliest possible date of the actionable wrong."); *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 218 (D. Del. 1985) ("the temporal scope of discovery in antitrust suits should not be confined to the limitations period of the antitrust statutes"); *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982) ("Discovery in antitrust cases routinely goes beyond the statutory period.").

is unbased in law and logic. Nor does Linet agree that the "most relevant" time period is the last four years.

Further, Hillrom has not moved to dismiss nor sought judgment on any of Linet's causes of action. The sole allegations Hillrom takes issue with in its Rule 12(c) motion are Linet's "tolling claims," and even if the Court agrees that this is the rare case where a plaintiff has pled itself out of court as to the pre-limitations period, Linet alleges that Hillrom engaged in anticompetitive conduct within the last four years for which it is entitled to relief. Hillrom has not explained how its 12(c) motion will dismiss all of Linet's claims. Resolution of these claims will require, as antitrust cases do, relevant discovery that reaches back to the pre-anticompetitive behavior, the hatching of the anticompetitive scheme, and its early implementation. Hillrom sees things differently. While Linet does not understand Hillrom's position that Linet is not entitled to any pre-December 2017 discovery, and certainly sees no legal basis for the same, Linet agrees to spare this Court time and expense for the time being by agreeing to Hillrom's proposal, outlined above. Linet's agreement to the above proposal is based on the understanding that Hillrom will not argue that this arrangement creates an additional burden on it. As part of this agreement, Hillrom acknowledges that it will be engaging in two document collections and/or reviews by its own choice. While bifurcation of discovery seems far more burdensome on Hillrom than a single collection and/or review, Linet agrees to the proposal in the spirit of compromise and without waiving any related rights.

II. **Hillrom's Position**

Hillrom is pleased that Linet agreed to the initial approach above, which Hillrom offered in reciprocity for targeted pre-December 2017 discovery from Linet even though Hillrom is not legally required to provide any discovery from this period while its Rule 12 motion is pending. As the Supreme Court has explained, Rule 8 "does not unlock the doors of discovery for a

plaintiff" whose claims have been challenged as lacking "sufficient factual matter" to be "plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). That said, and as the Court requested at the May 31 conference, Hillrom offered the above "compromises" to allow the parties to "get some discovery done notwithstanding the pendency of the motion for judgment on the pleadings," and potentially to avoid "full briefing on the protective order" motion set for July 25. 5/31/22 Tr. 20:13–21:22.[4]

The parties' agreement on this initial approach is subject to resolution of the following scope issues that Hillrom believes the parties can address on their own, but that Hillrom notes for the record here because "discovery in an antitrust case can quickly become enormously expensive," so it is always important to "consider the expense" of discovery proposals and "tailor [them] accordingly while [potentially dispositive] motions … are pending." *In re Broiler Chicken Antitrust Litig.*, 2017 WL 4417447, at *3 (N.D. Ill. Sept. 28, 2017) (Gilbert, M.J.).

***Custodians.*** The scope and timing of the agreed productions addressed above will depend on the parties' resolution of the custodian lists they initially exchanged on June 16, and will update as needed on June 30 when they exchange initial lists of non-custodial sources. Currently, the parties' agreed approach would immediately advance discovery on over 50 requests involving ESI from more than 30 party custodians from the most relevant time period (December 28, 2017 to the present), as well as permit targeted pre-December 2017 discovery from agreed sources.

---

[4] In the event the parties' agreed approach to initial discovery moots the need for that motion in July, Hillrom reserves all rights to seek the same or other relief for any scope disputes that may arise once the Rule 12 motion is decided, or the case otherwise progresses. As Linet conceded in April, its "damages might be limited to a four-year period" if Hillrom's motion is granted. 4/29/22 Tr. 40:14–18. And as the Court acknowledged at the same hearing, such a development would necessarily impact what discovery is proportional to the needs of the case, because Linet's request for discovery "co-extensive with everything that is alleged in the complaint that goes back a number of years… implicates … directly [Rule] 26(b)(1) concerns of relevance and proportionality." 4/29/22 Tr. 54:2–7.

***Non-Custodial Searches and Search Terms***.  The scope and timing of the parties' agreed productions will also depend on the non-custodial data sources the parties will exchange on June 30, as well as the resolution of search terms and Rule 34 objections that the parties will discuss and attempt to resolve by agreement before the July 21 deadline in Scheduling Order No. 1.

Hillrom is confident that the parties can progress these issues consistent with the "benefit-burden balancing approach" this Court adopted in *Broiler Chickens*.  2017 WL 4417447, at *4.  There, the Court "neither stayed discovery completely nor allowed full discovery to proceed" pending the outcome of potentially dispositive motions.  *Id.* at *3.  Instead, it "identif[ied] specific discovery-related tasks that the parties [could] complete before a decision on the motions to dismiss without substantial burden or expense"—including certain "preparatory discovery" and the production of a "relatively discrete set of [regulatory] documents"—while declining to "order[] full document production" that would "significantly ratchet up costs for all parties."  *Id.* at *3–7.  Hillrom's proposal here is similar but even broader, because it embraces "full document production" (subject to the responses and objections already discussed) from the most relevant time period (December 28, 2017 through present), while deferring only more distant and extremely burdensome discovery that Supreme Court precedents disfavor pending this Court's ruling on legal issues that could dispose of some (or all) of Linet's claims.[5]

---

[5] Linet has repeatedly argued (as above) that Hillrom's motion "does not matter at all in terms of discovery in this case" because some courts have permitted antitrust plaintiffs to conduct pre-limitations discovery. *See* 4/29/22 Tr. 40:4–18; *see also* 5/31/22 Tr. 13:3–4.  Linet is incorrect.  Even where courts allow antitrust plaintiffs to conduct pre-limitations period discovery, they do not triple (or otherwise exponentially expand) the discovery period as Linet proposes here.  *See, e.g., B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 2003 WL 21939019, at *4 (D. Kan. July 22, 2003) (allowing discovery during a two-year pre-period that was "not unreasonably or extremely remote in time" nor "unduly burdensome" for the defendants to produce).  And in any event, this issue is best addressed after Judge Pacold rules on Hillrom's Rule 12(c) motion.

Hillrom looks forward to discussing these issues as necessary or helpful at the June 24 status conference.

Dated: June 21, 2022

*/s/ Julie Porter*
Julie B. Porter (#6243787)
SALVATORE PRESCOTT PORTER &
PORTER, PLLC
1010 Davis Street
Evanston, Illinois 60201
(312) 283-5711
porter@sppplaw.com

Ryan P. Phair (#479050)
Leslie Kostyshak (*pro hac vice*)
Wm. Bennett Sooy (*pro hac vice*)
Kelly R. Oeltjenbruns (*pro hac vice*)
Christopher C. Brewer (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
(202) 955-1500
rphair@hunton.com
lkostyshak@hunton.com
bsooy@hunton.com
koeltjenbruns@hunton.com
brewerc@huntonak.com

*Attorneys for Linet Americas, Inc.*

Respectfully submitted,

*/s/ Elizabeth Papez*
Elizabeth P. Papez
Kristen C. Limarzi (*pro hac vice*)
Melanie L. Katsur (*pro hac vice*)
Harry R. S. Phillips (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, DC 20036
Tel: 202.955.8500
Email: EPapez@gibsondunn.com
KLimarzi@gibsondunn.com
MKatsur@gibsondunn.com
HPhillips2@gibsondunn.com

Eric J. Stock (*pro hac vice*)
Ben Sherwood (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: 212.351.4000
Email: EStock@gibsondunn.com
BSherwood@gibsondunn.com

Caeli A. Higney (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel: 415.393.8200
Email: CHigney@gibsondunn.com
JKleinbrodt@gibsondunn.com

Robert M. Andalman
A&G LAW LLC
542 South Dearborn Street
10th Floor
Chicago, IL 60605
Tel: 312.341.3900
Email: RAndalman@AandGlaw.com

*Attorneys for Defendants Hill-Rom Holdings, Inc., Hill-Rom Company, Inc., and Hill-Rom Services, Inc.*