# Exhibit C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

LINET AMERICAS, INC.,    )
            )
    Plaintiff,    )
            )
v.    )
            )  Case No: 21 C 6890
HILLROM HOLDINGS, INC., HILLROM    )
COMPANY, INC., and HILLROM    )  Judge: Martha M. Pacold
SERVICES, INC.,    )  Magistrate Judge: Jeffrey T. Gilbert
            )
    Defendants.    )

**PLAINTIFF'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Linet

Americas, Inc. ("Linet") hereby requests that Defendants Hillrom Holdings, Inc., Hillrom

Company, Inc., and Hillrom Services, Inc. (collectively, "Hillrom" or "Defendants") produce the

documents requested below for inspection, copying, and/or testing in accordance with the

following Definitions and Instructions.  The requested documents must be produced within thirty

(30) days of the service of the requests, or at such other time as may be mutually agreed upon in

writing by counsel for the parties.  Documents should be produced at the law offices of Salvatore

Prescott Porter & Porter, PLLC, 1010 Davis Street, Evanston, Illinois 60201.

**DEFINITIONS**

1.      The definitions, instructions, rules of construction, and other provisions set forth

in Rules 26 and 34 of the Federal Rules of Civil Procedure are incorporated herein by reference.

The definitions set forth below are for purposes of these discovery requests only and do not

reflect the factual or legal positions of Linet.

2. "Complaint" means the Complaint, and all subsequent amendments thereto, filed in this matter, Civil Action No. 1:21-cv-6890, now pending in the United States District Court for the Northern District of Illinois, Eastern Division.

3. "You," "Your," and "Hillrom" means Defendants Hillrom Holdings, Hillrom Company, and Hillrom Services, Inc., as well as their current or former subsidiaries, affiliates, divisions, subdivisions, departments, distribution centers, district offices, predecessors, successors, entities, partners, principals, all present and former officers, directors, agents, employees, agents, representatives, and other persons acting on their behalf, including attorneys, accountants, investigators, and consultants. For purposes of this definition, "Hillrom" shall also include Hillenbrand Industries, Inc.

4. "Linet" means Linet Americas, Inc., as well as its wholly owned or controlled affiliates.

5. "Relevant Products" means Standard Hospital Beds, ICU Beds, and Birthing Beds as described at Complaint ¶44 (Standard Hospital Beds), ¶65 (ICU Beds), and ¶ 82 (Birthing Beds).

6. "Nurse Call System" means any system, function, feature, or technology for the collection, transmission, and relaying of information from a patient to a doctor, nurse, or caregiver, including, but not limited to, any system, function, feature, or technology for communication between a patient and a doctor, nurse, or caregiver.

7. "Medical Equipment" means any durable medical equipment or device that is capable of connecting to a Nurse Call System.

8. "Enterprise Accounts" refers to the organization within Hillrom encompassing sales, marketing, and informatics teams covering health systems and IDNs in the U.S., including any predecessor organizations or teams performing a similar function. *See* Complaint at ¶250.

9. "Corporate Enterprise Agreement" refers to Hillrom contracts with the corporate parent entity of a health system or IDN customer. *See* Complaint at ¶235.

10. "Customer" means actual or potential customers of the Relevant Products, including hospitals, Group Purchasing Organizations ("GPOs"), and Integrated Delivery Networks ("IDNs").

11. "Connected Care" refers to the technological integration of Hillrom products and services with either (a) other Hillrom products and services; or (b) products and services provided by suppliers other than Hillrom.

12. The verbs "sell," "purchase," and "buy" shall be read to include "rent." The nouns "sale," "purchase," and "buy" shall be read to include "rental."

13. "Document" or "Documents" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, any and all Communications; agreements; contracts; drafts; correspondence; memoranda; records, reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten, or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; things; any paper or writing of whatever description; and any computer database or information contained in any computer although not in printed form.

14. "Communication" means any contact of any nature, whether written or oral, from one person to another, and includes, without limitation, written contact by means such as letters, memoranda, telegrams, telex, facsimile, e-mails, presentations, text messages, other electronic

files, or oral contact including, without limitation, face-to-face meetings and telephone conversations.

15.     "Person" or "Persons" means, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, or organization; any federal, state, or local government or agency, department, division, branch, office, board, committee, or commission thereof; any other public or private entity; or any present or former, foreign or domestic, subsidiary, affiliate, predecessor, successor, department, board joint venture, division, committee, commission, owner, director, executive, officer, member, partner, principal, commissioner, trustee, advisor, analyst, broker, dealer, expert, official, employee, faculty, accountant, investigator, attorney, consultant, or agent of each of them. The term "Person" has the broadest possible meaning.

16.     "Concerning" means relating to, regarding, discussing, describing, mentioning, reflecting, constituting, comprising, identifying, stating, dealing with, commenting on, connected with, analyzing, confirming, supporting, reporting, setting forth, considering, contradicting, refuting, repudiating, rebutting, undermining, pertaining to, or evidencing the subject matter of, in whole or in part.

17.     "Including" should be read to include the phrase "including but not limited to" and is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

18.     The terms "all" and "any" shall both be construed as all, any, each, and every.

19.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

20.     The use of the singular form of any word shall be construed to include the plural and vice versa.

21.     The use of any verb tense shall be construed to include all other verb tenses. Relatedly, whenever a term is used in the present, past, future, or other tense, it also shall be construed to include all other tenses.

22.     The use of a word or phrase in a request that is defined in the Definitions section above, shall cause the word or phrase to have the meaning set out in that section, regardless of whether or not the word or phrase is capitalized.

23.     All terms and phrases used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal, or otherwise restrictive manner.

**INSTRUCTIONS**

1.     Each numbered paragraph herein shall be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2.     You are requested to furnish all documents in your possession, custody, or control, or otherwise known and available to you, regardless of whether such documents are possessed directly by you or your agents, employees, representatives, or investigators, or by your attorneys, auditors, or consultants or their agents, employees, representatives, or investigators, or by firms, corporations, funds, partnerships, charities, or trusts you control.

3.     Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in these requests.

4.     Documents shall be produced pursuant to Rule 34(b) of the Federal Rules of Civil Procedure and consistently with the ESI Protocol that will be entered in this matter.

5.     If there are no documents responsive to any paragraph set forth in the requests, please provide a written response so stating.

6.      Where a claim of privilege is asserted in objecting to any discovery or disclosure and a document (or portion thereof) is not provided on the basis of such assertion, identify the nature of the privilege (including work product) which is being claimed, the person claiming it, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and provide the following information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressees of the document; (vi) all persons or entities to whom the document was shown, made available to or given; and (v) such other information as is sufficient to identify such document, including a bates number if applicable.

7.      If a document contains both privileged and non-privileged material, the non-privileged material shall be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, you shall clearly indicate the portions as to which the privilege is claimed in accordance with the procedure outlined in the paragraph above.

8.      Documents are to be produced in full and may not be redacted on the grounds of relevance.  Documents redacted on the grounds of relevance will not constitute compliance with the requests.

9.      When an objection is made to any document request, the objection shall state with specificity all grounds.  Any ground not stated in an objection by or before the service deadline for your responses shall be deemed to be have been waived.

10.     If any document within the scope of these requests is unavailable because it has been destroyed, identify the document (including its date, author(s), addressee(s), signatory, subject, and length); state when the document was destroyed, how it was destroyed, and why it was destroyed; and state the identity of the person who ordered the document destroyed, the

person who destroyed the document, and any persons knowledgeable about the document's contents and/or destruction.

11. If any request may be read so as to permit more than one interpretation, the equest shall be read so as to include the broadest scope possible and to require the production of documents responsive to all reasonable interpretations

12. Linet serves these requests without prejudice to its right to serve additional requests for the production of documents or to amend the Instructions or Definitions herein in response to an objection or request for clarification as to the scope of these requests.

13. Part I of these requests covers the time period December 28, 2017 through present unless a different period is expressly stated in the request. Part II of these requests covers the time period January 1, 2010 to present, unless a different period is expressly stated in the request.

14. Pursuant to Federal Rule of Civil Procedure 26(c), these requests shall be deemed to be continuing in nature so as to require you to file and serve supplemental responses if you obtain new or different information up to and including the time of trial of this action.

## DOCUMENTS REQUESTED – PART I
(December 28, 2017 – present)

1. Documents sufficient to show Your corporate structure, including the relationship between You and Your parents, subsidiaries, affiliates, partners, and joint ventures.

2. Documents, including organizational charts, sufficient to show the identities of the following personnel:

    a) Your management-level employees, officers, and directors;

    b) Your employees involved in marketing or advertising Relevant Products;

    c) Your employees involved in analyzing the market(s) for Relevant Products;

    d) Your employees involved in negotiating the terms of any Corporate Enterprise Agreement;

e)   Your employees involved in negotiating the terms for the sale of Relevant Products;

f)   Your employees involved in the financial analysis of Relevant Products, including, but not limited to, sales, revenues, costs, and profitability of Relevant Products;

g)   Your employees involved in the financial analysis of any Corporate Enterprise Agreement.

3.   All Documents concerning Your actual or potential plans, efforts, bids, or negotiations to sell Relevant Products.

4.   All Documents concerning the promotion, marketing, pricing, availability, market launch, or discounting of Relevant Products, including those sold by You, Linet, or any other Person.

5.   All Documents concerning Your financial, sales, marketing, strategic, and business plans for Relevant Products and Nurse Call Systems.

6.   Documents sufficient to show the number, type, duration, conditions for sale, and amount of any rebates, discounts, or price protection that You have offered to Customers for Relevant Products.

7.   All Documents concerning analyses of actual or potential competition for the sale of Relevant Products or Nurse Call Systems sold by You or any other Person, including market or business analyses.

8.   All Documents concerning evaluations and comparisons, technical or otherwise, of Relevant Products or Nurse Call Systems sold by You or any other Person.

9. All Documents concerning the relative safety, desirability, quality, performance, functionality, or track record of Relevant Products sold by You as compared to Relevant Products sold by Linet or any other Person.

10. All Documents analyzing or describing the sales opportunities available to You with respect to Relevant Products, including, but not limited to, all Documents concerning sales forecasts, estimates, or models.

11. All Documents concerning Communications between You and any Customer of Relevant Products concerning a Customer's actual or potential purchase of Relevant Products.

12. All Documents concerning any actual or potential bundling, including with respect to rebates, discounts, price protection or other financial incentives, that You have offered Customers in connection with Relevant Products.

13. All documents concerning or relating to comparison of Your pricing for any Relevant Products to the pricing of competitors, including competitors' ability to match bundled pricing and other financial incentives offered by You, including discounts, rebates, or avoided penalties provided for in a Corporate Enterprise Agreement.

14. All documents concerning or relating to projections or estimates of the potential penalties or price increases facing Customers that decline to enter into or terminate an existing Corporate Enterprise Agreement with You, or the cumulative discounts, rebates, or avoided penalties that Customers can achieve by entering into a Corporate Enterprise Agreement with You.

15. All Documents concerning all agreements or arrangements between You and any Customers of Relevant Products in which the Customer received either (1) a discount or other benefit in connection with the purchase of a Relevant Product based on the quantity or proportion of that Customer's purchases of any products from You, or (2) a discount or other benefit in

connection with the purchase of any product based on the quantity or proportion of that Customer's purchases of a Relevant Product from You.

16.     All Documents concerning the interoperability, interfaces, or communication between Your Nurse Call System and Relevant Products or Medical Equipment sold or manufactured by any Person, including requests made of You by any actual or potential Customer or supplier of Relevant Products or Medical Equipment regarding interoperability or communication between Relevant Products or Medical Equipment and Your Nurse Call System.

17.     All Documents concerning Your defenses to the Complaint.

18.     All Documents concerning the impact of Your acquisition by Baxter International, Inc. ("Baxter") on Your strategy for or sales of Relevant Products, the Relevant Products markets, the Nurse Call Systems market, or Linet or any actual or potential competitor in the Relevant Products markets.

19.     All documents submitted to the Federal Trade Commission or Department of Justice in connection with Your acquisition by Baxter or any acquisition made by You, *see* Complaint at ¶¶311, 347, including any documents provided voluntarily in the course of any investigation.

20.     All Documents concerning Your strategy for Connected Care as it relates to Relevant Products and Nurse Call Systems.

21.     From January 1, 2014 through present, all Documents concerning performance reviews or compensation, including bonus and incentive, of Your employees who sold or had management-level responsibility for the marketing and sale of Relevant Products or Nurse Call Systems.

### DOCUMENTS REQUESTED – PART II
(January 1, 2010 – present)

22.     All Corporate Enterprise Agreements entered into or renewed.

23. All sales agreements related to the Relevant Products entered into or renewed.

24. All documents concerning the negotiation of the agreements referenced in Request Nos. 20 and 21, including bids, terms that were offered or discussed, confidentiality or non-disclosure provisions, and any related strategic, financial, or competitive analyses You performed.

25. Documents sufficient to show Your profit margins and development, manufacturing, and other costs for Relevant Products.

26. Documents sufficient to show any rebates that You paid to Customers for all products or services including the following fields:

   a) Date;

   b) Customer name;

   c) Customer IDN affiliation;

   d) Customer GPO affiliation;

   e) Contract reference;

   f) Rebate amount.

27. All documents reflecting or calculating Your and/or Your competitors' market share for Relevant Products and Nurse Call Systems, including documents reflecting Your installed base of Relevant Products and external or internal analyses of market share.

28. All documents concerning or relating to barriers to entry or expansion in Relevant Products or Nurse Call Systems markets.

29. Documents or data sufficient to show Your sales of all products or services including the following fields:

   a) Date;

   b) Product or service sold;

c) Product or service category;

d) Customer name;

e) Customer IDN affiliation;

f) Customer GPO affiliation;

g) Contract reference;

h) Quantity sold;

i) Net price;

j) List Price.

30. All Communications concerning Customer compliance with Your contracts for Relevant Products or Corporate Enterprise Agreements.

31. All discovery requests and responses, correspondence, deposition and hearing transcripts with exhibits, produced documents, and any settlement agreements in the *Universal Hospital Services* litigation, 5:15-cv-00032 (W.D. Tex.) relating to Linet, the Relevant Products, Nurse Call Systems, or Corporate Enterprise Agreements.

32. All documents concerning or relating to Hillrom's Enterprise Accounts organization, including any predecessor or successor organization, regarding:

a) creation or formation of the organization;

b) training of the sales force and leadership;

c) strategy for deepening or expanding customer relationships;

d) pricing of Relevant Products and Nurse Call Systems;

e) competition in the Relevant Products markets or the Nurse Call Systems market;

f) bonuses and incentives offered to the sales force and leadership;

g) compliance with the antitrust laws;

      h)  use of Corporate Enterprise Agreements or strategic overlay rebate agreements;

      i)  the actual or anticipated operation and effect of Corporate Enterprise Agreements.

33.      All Documents concerning communications with investors, lenders, or analysts regarding Relevant Products or Nurse Call Systems.

34.      All documents concerning communications with Customers regarding Linet.

35.      All Documents concerning or relating to the training of Your sales force in how to sell, position, or market Relevant Products and Nurse Call Systems to Customers.

36.      All communications to or from employees within the Enterprise Accounts organization regarding Linet.


Dated:                         Respectfully submitted,

                               /s/ Wm. Bennett Sooy

Ryan P. Phair (#479050)
Leslie Kostyshak (*pro hac vice*)
Wm. Bennett Sooy (*pro hac vice*)
Kelly R. Oeltjenbruns (*pro hac vice*)
Christopher Brewer
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
(202) 955-1500
rphair@hunton.com
lkostyshak@hunton.com
bsooy@hunton.com
koeltjenbruns@hunton.com
cbrewer@hunton.com

Julie B. Porter (#6243787)
SALVATORE PRESCOTT PORTER &
PORTER, PLLC
1010 Davis Street

Evanston, Illinois 60201
(312) 283-5711
porter@spplaw.com

*Attorneys for Linet Americas, Inc.*