**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

LINET AMERICAS, INC.,

Plaintiff,

v.

HILL-ROM HOLDINGS, INC.; HILL-ROM
COMPANY, INC.; HILL-ROM SERVICES, INC.,

Defendants.

Case No. 21 Civ. 6890

Hon. Martha M. Pacold

Hon. Jeffrey T. Gilbert

**REPLY IN SUPPORT OF HILLROM DEFENDANTS'**
**RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................ 1

LEGAL STANDARD AND BACKGROUND ........................................................................... 3

ARGUMENT ............................................................................................................................ 4

    I.    LINET'S RULE 12 CASES SUPPORT THE RELIEF HILLROM SEEKS ................ 4

    II.   LINET'S TOLLING CLAIMS ARE INCURABLY FLAWED .................................. 7

    A.   Linet Does Not—and Cannot—Plead Fraud or Estoppel-Based Tolling ...................... 8

    B.   Linet's "Discovery Rule" Arguments Cannot Save Its Tolling Claims ...................... 11

III.  LINET'S CONTINUING VIOLATION THEORY SUPPORTS RULE 12 RELIEF ......... 14

CONCLUSION ........................................................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

Page(s)

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................3, 7

*Bachmeier v. Bank of Ravenswood,*
    663 F. Supp. 1207 (N.D. Ill. 1987) ..............................................................................11

*Barry Aviation, Inc. v. Land O'Lakes,*
    377 F.3d 682 (7th Cir. 2004) ...............................................................................11, 14

*BBL, Inc. v. City of Angola,*
    809 F.3d 317 (7th Cir. 2015) ........................................................................................4

*Beatty v. Accident Fund Gen. Ins. Co.,*
    2019 WL 2409555 (S.D. Ill. June 7, 2019).................................................................10

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................................3, 4, 10

*Bokros v. Assocs. Fin., Inc.,*
    607 F. Supp. 869 (N.D. Ill. 1984) ..............................................................................10

*In re Broiler Chicken Antitrust Litig.,*
    290 F. Supp. 3d 772 (N.D. Ill. 2017) .........................................................................13

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,*
    429 U.S. 477 (1977)....................................................................................................15

*Cada v. Baxter Healthcare Corp.,*
    920 F.2d 446 (7th Cir. 1990) .................................................................................3, 11

*Camreta v. Greene,*
    563 U.S. 692 (2011)......................................................................................................8

*Cancer Found. Inc. v. Cerberus Capital Mgmt., LP,*
    559 F.3d 671 (7th Cir. 2009) ...............................................................11, 12, 13, 14

*In re Ciprofloxacin Hydrochloride Antitrust Litig.,*
    261 F. Supp. 2d 188 (E.D.N.Y. 2003) .........................................................................9

*In re Copper Antitrust Litig.,*
    436 F.3d 782 (7th Cir. 2006) .......................................................................................5

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Edmonson v. Eagle Nat'l Bank,*
  922 F.3d 535 (4th Cir. 2019) ..................................................................8

*Epstein v. C.R. Bard, Inc.,*
  460 F.3d 183 (1st Cir. 2006) ...................................................................9

*Evans v. Pearson Enters, Inc.,*
  434 F.3d 839 (6th Cir. 2006) ..................................................................8

*Firestone Fin. Corp. v. Meyer,*
  796 F.3d 822 (7th Cir. 2015) ..................................................................3

*George v. Kraft Foods Global, Inc.*
  674 F. Supp. 2d 1031 (N.D. Ill. 2009) ..................................................10

*Greer v. Bank One,*
  2002 WL 1732366 (N.D. Ill. July 25, 2022)......................................4, 11

*Guerrero v. Gates,*
  442 F.3d 697 (9th Cir. 2006) ..................................................................9

*Gumwood HP Shopping Partners v. Simon Prop. Grp.*
  2016 WL 8292207 (N.D. Ill. Mar. 18, 2016).........................................14

*Jovic v. L-3 Servs., Inc.,*
  69 F. Supp. 3d 750 (N.D. Ill. 2014) ........................................................5

*Kenall Mfg. Co. v. Cooper Lighting, LLC,*
  354 F. Supp. 3d 877 (N.D. Ill. 2018) ......................................................4

*Klehr v. A.O. Smith Corp.,*
  521 U.S. 179 (1997).....................................................................3, 6, 15

*Larson v. Northrop Corp.,*
  21 F.3d 1164 (D.C. Cir. 1994) ................................................................9

*Limestone Development Corp. v. Village of Lemont,*
  520 F.3d 797 (7th Cir. 2018) ................................................................15

*McInerney v. CareerBuilder, LLC,*
  2019 WL 6497369 (N.D. Ill. Dec. 3, 2019)......................................4, 5, 6, 7

*NAACP v Am. Family Mut. Ins. Co.,*
  978 F.2d 287 (7th Cir. 1992) ................................................................14

**TABLE OF AUTHORITIES**

(continued)

Page(s)

*Nat'l Black Expo. v. Clear Channel Broad., Inc.*,
    2007 WL 495307 (N.D. Ill. Feb. 8, 2007) ................................................................5

*In re Niaspan Antitrust Litig.*,
    42 F. Supp. 3d 735 (E.D. Pa. 2014) ................................................................9

*Pitts v. Unarco Indus., Inc.*,
    712 F.2d 276 (7th Cir. 1983) ................................................................8, 9

*In re Processed Egg Prods. Antitrust Litig.*,
    2011 WL 5980001 (E.D. Pa. Nov. 30, 2011) ................................................7, 11, 12

*Reiser v. Residential Funding Corp.*,
    380 F.3d 1027 (7th Cir. 2004) ................................................................8

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    471 F. Supp. 3d 981 (N.D. Cal. 2020) ................................................................9

*Rose v. NCAA*,
    346 F. Supp. 3d 1212 (N.D. Ill. 2018) ................................................................9, 10

*Rotella v. Wood*,
    528 U.S. 549 (2000) ................................................................12

*Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*,
    782 F.3d 922 (7th Cir. 2015) ................................................................5, 11

*Summerhill v. Terminix, Inc.*,
    637 F.3d 877 (8th Cir. 2011) ................................................................4, 8

*United States v. Duke*,
    229 F.3d 627 (7th Cir. 2000) ................................................................12

*Varner v. Peterson Farms*,
    371 F.3d 1011 (8th Cir. 2004) ................................................................14

*Watson v. Mylan Pharms.*,
    795 F. App'x 584 (10th Cir. 2019) ................................................................8

*Wolin v. Smith Barney Inc.*,
    83 F.3d 847 (7th Cir. 1996) ................................................................8

*Xechem, Inc. v. Bristol-Myers Squibb Co.*,
    372 F.3d 899 (7th Cir. 2004) ................................................................10

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971) ................................................................................................ 14

*Zirvi v. Flatley*,
    838 F. App'x 582 (2d Cir. 2020) .............................................................................. 8

**STATUTES**

15 U.S.C. § 15b .............................................................................................................. 6

29 U.S.C. § 1113(2) ...................................................................................................... 10

**TREATISES**

Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and
    Their Application ¶ 320 (4th & 5th eds. 2015-2021) ........................................ 9, 15

Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1297 (4th ed.) (2022 update) .............................. 9

## INTRODUCTION AND SUMMARY OF ARGUMENT

Linet cannot rebut the reasons for granting the relief Hillrom's motion actually seeks: Rule 12(c) judgment on Linet's deficient tolling claims. Dkt. 42 ("Mot."). So Linet devotes its brief to opposing relief the motion does not seek: dismissal of Linet's "antitrust claims" based on a "limitations defense." Dkt. 53 at 1 ("Opp."). All of Linet's arguments are directed to limitations *defenses* a plaintiff need *not* plead around. But Hillrom's motion seeks Rule 12 relief on affirmative tolling *claims* a plaintiff must plead—and Linet expressly attempts to plead—in its complaint. Dkt. 1 ("Compl.") ¶ 395. Linet's own cases support Rule 12 judgment on such claims where, as here, the complaint itself renders them incurably and facially implausible. Mot. 9-15. The reason is simple. A plaintiff cannot allege tolling as a basis for requesting damages far beyond what its merits claims allow, but escape the pleading rules that govern such requests. That is precisely what Linet improperly tries to do.

Linet asserts tolling claims in a bid to triple the four-year damages period the Clayton Act allows on its antitrust counts. Specifically, Linet says it can recover now for antitrust injuries allegedly sustained over a decade ago because "any applicable statute of limitations was tolled under the fraudulent concealment doctrine and the doctrine of equitable estoppel until within the last four years." Compl. ¶ 395. These claims are inadequately pled under controlling law, Mot. 6-13, and Linet cannot fix them because its own allegations foreclose any plausible claim that Hillrom "prevent[ed]" Linet from "discover[ing]" its alleged antitrust injuries before December 2017. Compl. ¶¶ 386, 391-92; Mot. 14-15. Accordingly, Linet's threadbare and facially implausible concealment claims do not—and cannot—plead any tolling of the Clayton Act's limitations period, much less tolling until "shortly before Linet filed" this stale suit for over twelve years of statutory damages. Opp. 8.

Linet's response is a sea of red herring. But its mischaracterization of the relevant pleadings is especially egregious. Linet's opposition depends on its characterization of Hillrom's

motion as seeking "partial judgment" on a "limitations *defense*," rather than Rule 12(c) judgment on Linet's tolling *claims*. *Id*. 1. But the plain text of the motion *and* Linet's complaint belie this assertion, as well as Linet's related misrepresentation that it alleges "three different theories of tolling: the continuing violation doctrine, the discovery rule, and the fraudulent concealment doctrine." *Id*. 6. The complaint's sole reference to tolling is in Paragraph 395, which says "the running of any applicable statute of limitations was tolled under the *fraudulent concealment doctrine and the doctrine of equitable estoppel* until within the last four years." Compl. ¶ 395.[1] Hillrom's motion expressly targets these claims, which Linet's own cases treat as ripe for Rule 12 denial. Opp. 3-5. Specifically, Hillrom seeks "judgment in [its] favor on" Linet's "*fraud and equitable tolling claims* [because they] are inadequately pled, and any attempt to replead them would be futile." Mot. 15. Linet's brief confirms this relief is proper for at least three reasons.

First, Linet's leading Rule 12 cases—*BBL*, *Kenall*, *Xechem*, *Sidney*, and *McInerney*, Opp. 3-4—support denial of flawed tolling claims independent of antitrust claims. That is the relief Hillrom's motion seeks on every tolling claim in Linet's complaint. Mot. 15; Compl. ¶ 395.

Second, Linet's brief confirms that Linet has "pled itself out of" tolling relief on every "theory" it cites. Opp. 12; Mot. 7. Linet's only response is that Hillrom's motion must nonetheless be "denied" because it is "*at least conceivable*" for Linet's "*antitrust claims* to survive" for some period of time. Opp. 12. This argument misrepresents Hillrom's motion, which seeks judgment only on Linet's *tolling claims*, Mot. 15, and controlling law. Linet plucks the "conceivability" standard from cases addressing motions to dismiss *merits* claims for failing to "plead around" an "affirmative *defense*," Opp. 13, not from cases challenging affirmative tolling claims a plaintiff *chooses* to plead in order to seek damages and discovery beyond what its merits claims allow.[2]

---

[1] Unless otherwise noted, all emphasis in this brief is added and all internal punctuation and cites omitted.

[2] Linet's "discovery rule" arguments, Opp. 8-12, do not change this conclusion. They simply rehash its fraudulent concealment allegations under a new label in a vain effort to escape Rule 9(b). Mot. 3-15.

Third, Linet's retreat to "continuing violation" arguments, Opp. 12, supports Hillrom's motion because continuing violation claims do not toll limitations periods. The continuing violation doctrine holds that "each overt act that is part of the [alleged] violation" and "injures the plaintiff … starts the statutory period running again." *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997). But this restart does *not* apply to earlier claims or provide "a bootstrap to recover for injuries caused by" conduct "that took place outside the limitations period." *Id*. at 190. Linet concedes as much. Opp. 7-8. And its argument that the Court should nonetheless defer judgment on its tolling claims until "after discovery," Mot. 1, disregards the law and the enormous consequences to Hillrom and this Court of whether the damages (and discovery) period in this suit is four years or twelve. Even under a continuing violation theory, well-pled *antitrust* claims permit only four years of exposure. To triple that damages period—and "unlock the doors" to proportionally extended "discovery," *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)—Linet must plead concealment-based *tolling* claims in accordance with Rules 8 and 9(b). Linet's brief confirms it cannot do so. Accordingly, its tolling claims warrant denial under Rule 12(c) now so the parties can fairly and efficiently litigate what remains of this misguided suit.

## LEGAL STANDARD AND BACKGROUND

Linet's opposition does not contest, and thus concedes, several dispositive facts and legal authorities in Hillrom's motion. *See, e.g.*, *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss."). Linet fails to engage any of Hillrom's primary legal authorities, including *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and other controlling precedents in the "Legal Standard" section of Hillrom's motion. Mot. 6-7. The "Facts" section of Linet's brief similarly fails to address (much less cure) the pleading defects Hillrom identifies. Notably, Linet does not explain how Hillrom "prevent[ed] Linet from suing" before December 2021 on the decade-old contracts it now alleges as a basis for statutory and treble damages. *E.g.*, *Cada v. Baxter Healthcare Corp.*,

920 F.2d 446, 451 (7th Cir. 1990). Nor does Linet state "when and how [it] discovered [the] alleged wrongdoing"—a pleading failure that by itself is "fatal to [Linet's] fraudulent concealment claim." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880-81 (8th Cir. 2011); *Greer v. Bank One*, 2002 WL 1732366, at *3 (N.D. Ill. July 25, 2022); Mot. 8-9. For these and other reasons, Linet's brief does not contain any "facts"—or law or factual allegations—that could cure or excuse the pleading defects in its tolling claims. Mot. 1; *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I. LINET'S RULE 12 CASES SUPPORT THE RELIEF HILLROM SEEKS

Linet insists that the most "straightforward reason" for denying Hillrom's motion is that Rule 12(c) "'doesn't permit piecemeal dismissals of *parts* of claims,'" or "entry of judgment on some but not all *elements* of a single claim, or *portions* of a claim based on time period." Opp. 3 (first emphasis original) (quoting *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) and citing *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 893 (N.D. Ill. 2018), respectively). This argument fails because Hillrom does not seek such relief. Hillrom's Rule 12(c) motion does not seek "judgment on some but not all elements of a single claim," *compare Kenall*, 354 F. Supp. 3d at 893, or on "intermediate *steps* in a doctrinal test," *compare BBL*, 809 F.3d at 320. It requests judgment on *all* of the tolling claims in Linet's complaint *in their entirety*. Mot. 15. That is precisely the relief Rule 12 allows, as Linet's cases recognize. *See Kenall*, 354 F. Supp 3d at 897-98 (citing decisions allowing Rule 12 judgment where, as here, "what the [opposing] parties called 'part' of a [merits] claim [is] in fact a standalone claim"); *McInerney v. CareerBuilder, LLC*, 2019 WL 6497369, at *3 (N.D. Ill. Dec. 3, 2019) (Rule 12 permits dismissal of "claim[s] in [their] entirety"); *BBL*, 809 F.3d at 324 (Rule 12 tests whether a plaintiff's "factual allegations … state a plausible claim for relief").

To avoid the consequences of these cases for the tolling claims Hillrom addresses in its motion, Linet misrepresents the motion. Linet says "the only 'claims' at issue in Hillrom's motion

are *antitrust claims*." Opp. 4. But the motion expressly seeks "judgment" on "Linet's *fraud and equitable tolling claims*" as alleged in Linet's complaint. Mot. 15; Compl. ¶¶ 395; 386-405. These tolling claims seek relief beyond what well-pled antitrust claims allow. That is why they warrant judgment under Rule 12 even if the underlying antitrust claims can proceed. *See, e.g.*, *Nat'l Black Expo. v. Clear Channel Broad., Inc.*, 2007 WL 495307, at *6-7 (N.D. Ill. Feb. 8, 2007) ("[P]laintiffs' [merits] claims survive the defense of the statute of limitations, but plaintiff's fraudulent concealment claim … is dismissed."). That is exactly what the Seventh Circuit held in the *Sidney* case Linet cites. Opp. 6, 14. *Sidney* reversed dismissal of the plaintiffs' merits (RICO) claims based on a limitations *defense*, but held that their *affirmative claims* for *equitable and fraud-based tolling* were inadequately pled and thus barred as a matter of law. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 930-31 (7th Cir. 2015).[3]

Linet seeks to escape a similar ruling here by relabeling its tolling claims "theories" and alleging them in the body of its complaint rather than in specific counts. Opp. 4-5; *compare Nat'l Black Expo*, 2007 WL 495307, at *7. But Linet's own authorities reject this elevation of form over substance. As Linet's leading limitations case (*McInerney*, Opp. 4-5) explains, "while complaints must plead claims, they need not plead counts." 2019 WL 6497369, at *3. *McInerney* then holds that a Rule 12 motion "properly move[s]" for relief on a "claim" as distinct from "individual counts listed in the complaint" or "individual facts underlying a count." *Id*. Hillrom moves only on Linet's tolling claims, which seek substantive relief that confirms they are ripe for Rule 12 judgment independent of Linet's antitrust claims. *Id*. The tolling allegations accuse Hillrom of "fraudulently conceal[ing] its anti-competitive conduct" from 2010 until "shortly

---

[3] Linet's reliance on the Rule 12(b) decisions in *Jovic* and *Copper*, Opp. 8, 12, 14, is similarly misplaced. *Jovic*'s brief discussion of state limitations law did not address allegations of fraud. *Jovic v. L-3 Servs., Inc.*, 69 F. Supp. 3d 750, 764-65 (N.D. Ill. 2014). And *Copper rejected* tolling claims because an earlier action (like the *UHS* case and contract disclosures here) put the plaintiffs "on notice … to protect their rights or suffer the consequences." *In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006).

before the filing of" this suit. Compl. ¶¶ 386; 387-396. They then say "by virtue of" this alleged "fraud[]," "any applicable statute of limitations was tolled under the fraudulent concealment doctrine and the doctrine of equitable estoppel until within the last four years." *Id*. ¶ 395.

This fraud-based tolling claim is the *only* claim (or actionable "theory," Opp. 4) in Linet's complaint that could—*if* adequately pled—allow Linet to pursue all of the "significant damages" it allegedly suffered "as a result of Hillrom's ongoing and continuing anti-competitive conduct" since 2010. *Id.* at 4 & ¶ 405. Linet's "antitrust claims," Opp. 4, do *not* permit such liability. *See* Mot. 6-15, Part II *infra*. In fact, they expressly forbid it. The Clayton Act states that a damages "cause of action under" the title that governs this suit (*see* Compl. ¶¶ 406-52) "shall be *forever barred* unless commenced within four years after the cause of action *accrued*." 15 U.S.C. § 15b. Linet insists its antitrust claims accrued "shortly before the filing of" this case because Linet could not have reasonably "discovered" them earlier, even though its alleged antitrust harm dates back to 2010. Compl. ¶ 386. But even this combination of accrual and "continuing violation" arguments does not triple the four-year damages period on Linet's antitrust claims. Indeed, Linet's "continuing violation" theory *conflicts* with its bid for a damages period beginning in 2010. The continuing violation doctrine presumes that the limitations period has irretrievably run on the acts that started the alleged violation.[4] The doctrine simply holds that where the violation "continue[s]" through later "overt act[s]" that harm the plaintiff, those acts "start[] the statutory period running again" for pursuing any damages *they* cause, but *cannot* serve as "a bootstrap to recover for injuries caused by" earlier acts "that took place outside the limitations period." *Klehr*, 521 U.S. at 189-90.

The upshot is that even a well-pled claim for continuing antitrust violations exposes a

---

[4] This is not the only contradiction that besets Linet's facially implausible tolling claims. Linet says this suit is timely because Hillrom "fraudulently concealed" the necessary information for claim accrual "*until* within the last four years." Compl. ¶ 395. But in the very next paragraph, Linet asserts that the "active concealment" that prevented it from filing suit before December 2017 "is ongoing and continuing and, if not enjoined, will likely continue even after this Complaint is filed." *Id.* ¶ 396.

defendant to four years of damages exposure and proportional discovery, *not* the twelve-plus years Linet asserts here.  If Linet wants to discover and recover damages for triple the period its statutory claims allow, it must adequately plead a concealment-based tolling claim under Rules 8 and 9(b).  *See, e.g.*, *In re Processed Egg Prods. Antitrust Litig.*, 2011 WL 5980001, at *1-5, *8 (E.D. Pa. Nov. 30, 2011) (dismissing concealment claims and limiting damages for alleged continuing antitrust violations to four years prior to suit).  Linet's complaint attempts to do so.  But Linet's own cases hold that the pleading defects in its tolling claims warrant Rule 12 judgment on those claims now—*not* "after discovery," Opp. 1—because those claims must be adequately pled to "unlock the doors of discovery" to eight years of damages exposure beyond the four years the Clayton Act allows on Linet's antitrust claims.  *Iqbal*, 556 U.S. at 678-79.[5]  Hillrom thus "properly move[s]" for Rule 12 relief, *McInerney*, 2019 WL 6497369, at *3, on the only tolling claims in Linet's complaint (fraud and equitable estoppel).  Mot. 15; Compl. ¶ 395.  And it seeks judgment on these claims "in [their] entirety," *McInerney*, 2019 WL 6497369, at *3, because they do not— and cannot—satisfy Rules 8 and 9(b).  *See* Mot. 8-15.

## II.     LINET'S TOLLING CLAIMS ARE INCURABLY FLAWED

Beyond making the procedural arguments above, Linet tries to evade the application of pleading rules to its tolling claims in two ways.  It first argues that Rule 9(b) does not govern fraudulent concealment allegations that "negate" a limitations "defense."  Opp. 5-6, 12-13.  It then relabels these allegations a "discovery rule" (rather than "fraud") claim in a further effort to avoid Rule 9(b) and preserve its tolling claims until "after discovery."  *Id*. 1, 8-11.  These arguments fail.

---

[5]  Linet's claim that Hillrom's motion "strategically seeks to forestall discovery into its illicit activities," Opp. 1, 3, is another red herring.  The discovery Linet describes is improper because it is proportional only to the tolling claims Hillrom has challenged as lacking "sufficient factual matter" to be "plausible on [their] face."  *Iqbal*, 556 U.S. at 678-79; Mot. 3-15.  Hillrom nonetheless proposed the Rule 26 compromise Judge Gilbert "commend[ed]" last month, Dkt. 54 (6/24/22 Tr.) 6:3-8:19, that allows some of this pre-December 2017 discovery to occur in parallel to the parties' expansive later discovery while the motion is pending, without prejudice to Hillrom's Rule 12 and Rule 26 objections and other rights.  *See* Dkt. 49-8.

7

### A. Linet Does Not—and Cannot—Plead Fraud or Estoppel-Based Tolling

Hillrom's motion devotes eleven pages to explaining why Linet's allegations of "confidential" contractual provisions, customer "muzzling," and "misleading public statements," Opp. 12, do not (and cannot) plead tolling claims under Rules 8 and 9(b). Mot. 2-13. Unable to refute this analysis, Linet argues that these rules are simply irrelevant where a plaintiff alleges tolling to "negate" a limitations "defense." Opp. 5-6, 12-13. This argument is contrary to nearly 40 years of circuit precedent requiring that "allegation[s] of fraudulent concealment … be pleaded with particularity" under Rule 9(b) where, as here, a plaintiff *chooses* to assert them in support of an *affirmative* tolling claim that would expand the damages (and discovery) period on its merits claims. *Pitts v. Unarco Indus., Inc.*, 712 F.2d 276, 279 (7th Cir. 1983) (dismissing fraud-based tolling claim); *see Wolin v. Smith Barney Inc.*, 83 F.3d 847, 854 (7th Cir. 1996) ("[F]raudulent concealment is a species of fraud [that] must be pleaded with particularity"); Compl. ¶ 395.

Linet's only response is that Hillrom's Rule 9(b) authorities "pre-date" the cases Linet cites for the proposition that "limitations is an affirmative defense" that a plaintiff need not "plead around … in [its] complaint." Opp. 13.[6] Again, Linet is wrong. Courts apply Rule 9(b) to fraud-based tolling claims to this day. *See, e.g.*, *Zirvi v. Flatley*, 838 F. App'x 582, 585 (2d Cir. 2020) ("[T]he standard of factual pleading is higher when plaintiffs seek to equitably toll a limitations period under the doctrine of fraudulent concealment, for plaintiffs must plead the elements of fraudulent concealment with particularity.").[7] Such claims are exactly what Linet attempts to

---

[6] Contrary to Linet's suggestion, Opp. 12, the district court cases it cites could not override the circuit law in Hillrom's brief or otherwise control this case even if they supported Linet's position. *See, e.g.*, *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004); *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). But they do not. All of Linet's cases support Rule 12 relief here.

[7] *See also, e.g.*, *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019) (to plead a tolling claim, "a party must state with particularity the circumstances constituting fraud or mistake"); *Watson v. Mylan Pharms.*, 795 F. App'x 584, 589 (10th Cir. 2019) (same, finding claims "time-barred" because the plaintiff "failed to plead fraudulent concealment with the particularity required by [Rule] 9(b)"); *Summerhill*, 637 F.3d at 880 (Plaintiff had "burden to plead, with particularity, facts to support his claim that the doctrine of fraudulent concealment tolls applicable statutes of limitations"); *Evans v. Pearson Enters., Inc.*, 434 F.3d

plead here. Compl. ¶ 395. The substance of these claims is unaltered by Linet's decision not to label them as standalone counts. And it is the substance of these claims, and specifically their assertion of fraud, that requires the application of Rule 9(b) here just as in the cases above, including *Rose*. There, the court applied Rule 9(b) to an "*affirmative fraudulent concealment claim*" that the court expressly *distinguished* from a limitations "defense" that could be asserted to dismiss plaintiffs' merits claims as time-barred. *Rose v. NCAA*, 346 F. Supp. 3d 1212, 1224-25 (N.D. Ill. 2018). This distinction is similarly dispositive here, because Hillrom's Rule 12(c) motion does not seek to dismiss Linet's *antitrust claims* based on a limitations defense. Mot. 15. It seeks Rule 12 judgment on affirmative, fraud-based *tolling claims* that Linet chose to assert as a vehicle for pursuing years of damages beyond what its merits claims allow. *Id*.

Exempting such tolling claims from Rules 8 and 9(b) would turn federal pleading law on its head and nullify the presumptive statutory limits on the scope of this treble damages action. Linet's brief underscores this point. It would allow antitrust plaintiffs to seek liability and damages far beyond the Clayton Act's four-year limitations period whenever "any conceivable set of facts"—including "*unpled* facts"—might support tolling. Opp. 1, 14. And it would require defendants to wait until "after discovery," *id*. 1, to challenge such claims even where a plaintiff's own allegations foreclose any plausible basis for tolling. Courts, *see* n.7, and commentators[8] have

---

839, 851 (6th Cir. 2006) (same, requiring that "acts constituting fraudulent concealment of a claim be pled *in the complaint*"); *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 189 (1st Cir. 2006) (same); *Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2006) (same); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1173 (D.C. Cir. 1994) (same); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981, 992 (N.D. Cal. 2020) (same in antitrust cases); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 748 (E.D. Pa. 2014) (same); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188, 221-222 (E.D.N.Y. 2003) (same).

[8] *See, e.g.*, Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1297 (4th ed.) (2022 update) ("[A]llegations of fraudulent concealment in support of an effort to equitably toll a statute of limitations period [implicate] the pleading strictures of Rule 9(b)."); Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application ¶ 320(e) (4th & 5th eds. 2015-2021) (hereinafter "Antitrust Law") ("Because of its exceptional character, the plaintiff has the burden of establishing the requisite elements of the doctrine—namely, concealment that was fraudulent.").

overwhelmingly joined the Seventh Circuit in eschewing such an approach. And *Kraft*, *Rose*,[9] and *Xechem* respect—not "reject[]," Opp. 13—these authorities.

*Kraft* and *Xechem*, Opp. 12-13, involved Rule 12(b)(6) motions to dismiss merits claims based on limitations *defenses*. *Xechem* did not involve fraud claims at all.[10] And in *Kraft*, the only concealment allegations were an express part of an ERISA defense. 674 F. Supp. 2d 1031, 1041 (N.D. Ill. 2018). In refusing to dismiss the entire case based on that defense, the Court *agreed* that the plaintiffs had pled themselves "out of court" on two claims by "alleging facts sufficient to" preclude timely relief. *Id*. at 1045-46. It allowed a third claim to proceed on fraud allegations without applying Rule 9(b) because (*unlike* the tolling claims here) they arose under an ERISA provision that expressly made the alleged concealment part of the plan fiduciaries' statutory "defense." *Id*. at 1046 (quoting 29 U.S.C. § 1113(2)). In contrast, *Rose* (like this case) involved an "affirmative fraudulent concealment claim." 346 F. Supp. 3d at 1224-25. And consistent with Hillrom's motion, *Rose* assessed that claim under Rule 9(b). *See id.* The court simply held that the claim was adequately pled because the student-athlete plaintiffs detailed how the defendants (the NCAA and Big Ten colleges) deliberately concealed information over which they had both a "superior and unique vantage point" and a state-law duty to disclose. *Id*. at 1226. Linet pleads no analogous facts that could support fraudulent concealment under *Twombly*'s "plausibility standard," 550 U.S. at 560, much less "the heightened pleading standards of [Rule] 9(b)." *Beatty*

---

[9] Linet overreads *Rose*'s reference to *Pitts*' Rule 9(b) ruling as "dicta." Opp. 13 & n.2 This reference merely reflects that the *Pitts* court could have rejected all of the plaintiff's fraud-based tolling claims as waived. *Rose*, 346 F. Supp. 3d at 1224. But it did not. *Pitts*, 712 F.2d at 279. It decided one (Count IV) on the merits, holding that the tolling allegations were "*insufficient* to charge defendants with fraudulent concealment" because "Rule 9(b) … requires that fraud be pleaded with particularity." *Id*. at 278-79.

[10] In reversing Rule 12(b)(6) dismissal of an antitrust suit based on a limitations "defense," *Xechem* confirmed that continuing violation claims have a four-year limit absent a viable tolling claim. *Xechem, Inc. v. Bristol-Myers Squibb Co*., 372 F.3d 899, 901-02 (7th Cir. 2004) (while it may be "too late to complain in 2003 about what Bristol–Myers did in 1997," plaintiff can still "complain about what [Bristol] did in 2000 or 2002" based on new "discrete act[s]," each of which "start[ed] its own period of limitations").

*v. Accident Fund Gen. Ins. Co.*, 2019 WL 2409555, at *2 (S.D. Ill. June 7, 2019); Mot. 8-14. And Linet's brief concedes as much in simply repeating—with no supporting authority, Opp. 12—the same allegations Hillrom's motion identifies as insufficient under controlling law.[11]

## B. Linet's "Discovery Rule" Arguments Cannot Save Its Tolling Claims

In a further effort to avoid Rule 9(b) and defer any tolling judgment until "after discovery," Opp. 1, Linet's brief rebrands the complaint's untenable fraud allegations as a fact-bound "second theory of tolling, the discovery rule." Opp. 8. These semantics cannot forestall Rule 12 judgment. Mot. 3-15. Linet cannot escape Rule 9(b) by using a brief to relabel the complaint's "fraudulent concealment" claim as a "discovery rule" theory. *Compare* Compl. ¶ 395 *with* Opp. 8-13. And even if it could, the "discovery rule" is not a tolling doctrine, nor does Linet plead it as such. It merely defines when a claim *accrues—i.e.*, when Linet "discovered, *or should, if diligent, have discovered,* that [it] had been injured by" Hillrom's alleged conduct. *Cancer Found. Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Applying this definition, Linet's assertion that its claims accrued "shortly before" it filed this suit, Opp. 8, Compl. ¶ 386, does not support the decade-plus damages and discovery period Linet seeks through its tolling claims. As Linet's complaint concedes, that litigation scope requires Linet to plead delayed accrual "*by virtue of*" Hillrom's alleged *fraud*, Compl. ¶ 395, or other concealment "above and beyond the wrongdoing upon which [Linet's antitrust] claim is founded." *Cada*, 920 F.2d at 451; *see also Barry Aviation, Inc. v. Land O'Lakes*, 377 F.3d 682, 688 (7th Cir. 2004). That is why Rule 9(b)

---

[11] Linet's conclusory assertion that its tolling allegations are "more than sufficient at the pleading stage" even "if a heightened standard" applies, Opp. 13, is baseless. *See, e.g., Bokros v. Assocs. Fin., Inc.*, 607 F. Supp. 869, 873-74 (N.D. Ill. 1984) (concealment claim must "do more than merely inton[e] the word 'fraudulently'"). Linet's only support for this argument is the assertion, Opp. 1—which it repeats again (Opp. 6), and again (*id.* 9), and again (*id.* 12), and again (*id.* 15)—that it is "at least conceivable" that Hillrom committed fraud. Opp. 9, 12. Just as zero plus zero does not equal two, Linet's repetition of this standard does not save its tolling claims because they are not governed by the "conceivability" test for dismissal of *merits* claims based on limitations *defenses*. *See Sidney*, 782 F.3d at 928. Tolling is permissible only if Linet "state[s] a claim of fraudulent concealment" under Rules 8 and 9(b). *Egg Prods.*, 2011 WL 5980001, at *3; *accord Bachmeier v. Bank of Ravenswood*, 663 F. Supp. 1207, 1212 (N.D. Ill. 1987).

requires plaintiffs alleging fraudulent concealment to specify "when [they] discovered" their claimed injuries—"so that the Court may evaluate whether [they] could have discovered [the injuries sooner]." *Greer*, 2002 WL 1732366, at *3.

Linet fails to plead these tolling predicates under any label. According to Linet, the "confidential" portions of the contracts Linet cites as the "predominant" means of its market exclusion, Compl. ¶¶ 223-24, remain confidential today, *id.* ¶ 391. And Linet pleads no revelations since 2017 that would have allowed it to "discover[]" its purported antitrust injuries "within the last four years," *id.* ¶¶ 386, 395, but not earlier. It simply asserts that its claims accrued "shortly before it filed [this] suit" because that was when "Hillrom's anticompetitive conduct foreclose[d] Linet from market access at a level that suffices under antitrust law." Opp. 8-9. This conclusory claim not only fails Rule 9(b). *Egg Prods.*, 2011 WL 5980001, at *9 (rejecting fraudulent concealment claim alleging that plaintiff learned merits information "very recently"). It undercuts Linet's entire theory of tolling because it focuses on information irrelevant to claim accrual.

An antitrust claim accrues, and the limitations clock starts, "when the plaintiff discovers, or *by exercise of due diligence would have discovered*, that he *has been injured* and *who caused the injury*." *E.g.*, *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000).[12] The additional details Linet describes—about Hillrom's "dual-layer contracting scheme," "actual contract terms," "strategic overlay contracts," the "technologically closed nature of" Hillrom systems, and the "extent" of its own market "foreclosure," Opp. 9-12—are irrelevant to accrual because it is "discovery of the injury" allegedly caused by the defendant, "*not* discovery of the other elements of a claim," that "starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000); *see also Cancer*

---

[12] In any event, if Linet were right that the "extent of market foreclosure" were necessary to accrue a claim, Opp. 8, this requirement would moot Linet's requests for damages and discovery prior to 2017. Specifically, the Complaint's allegation that the "amount of foreclosure caused by Hillrom's conduct *exceeded the relevant threshold under the antitrust laws for the first time within the past four years*," Compl. ¶ 400, would "plead [Linet] out of court" on any tolling claims for earlier recovery. Opp. 12; Mot. 7-8.

*Found.*, 559 F.3d at 674 (same). Here, Linet affirmatively pleads antitrust injuries in the form of decade-old contract losses allegedly caused by decade-old IDN agreements that Hillrom repeatedly and publicly announced by 2014. Compl. ¶¶ 203-07, 231, 266, 278.[13] Accordingly, the disclosures that matter for accrual of this case are undisputed, and far exceed the disclosures the Seventh Circuit has relied upon to find tolling claims "untenable." *Cancer Found.*, 559 F.3d at 676.

The disclosures here also conclusively distinguish this action from the *Broiler Chicken* suit Linet cites. Opp. 9-10, 12, 14 (citing *In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772 (N.D. Ill. 2017)). The *Chicken* case involved no "obvious injury with obvious defendants." *Id.* at 808.[14] Here, Linet pleads the opposite. It *admits* it is a sophisticated competitor who, "*because of* Hillrom's reputation for anti-competitive behavior," Compl. ¶ 204, was "careful[ly] study[ing]" the alleged relevant markets when Hillrom publicly announced the "long-term," "sole source," and "exclusive" agreements Linet cites as the "predominant" means of its market "exclusion." Compl. ¶¶ 158, 203-07, 231, 242-51, 261, 298.[15] All of Linet's cases, including *Chicken*, support Rule 12

---

[13] With regard to the *UHS* suit, Linet says "Hillrom [is] trying to have it both ways" because "Hillrom complained [in *UHS*] that the plaintiff sued too early." Opp. 11. But Linet is the one who overreaches. Hillrom *lost* its ripeness argument because UHS (represented by Linet's counsel here) persuaded the court that Hillrom's 2014 contract announcements *were* sufficient to support a monopolization claim. *See UHS* Dkt. 47 and Dkt. 51. Accordingly, Linet's reliance on Hillrom's ripeness argument, Opp. 11, is disingenuous at best. And its counsel's claim that the same disclosures that made the *UHS* suit ripe do not support accrual here, *id.*, is implausible to the point of raising estoppel concerns.

[14] *Chicken* did not involve fraudulent concealment claims, and thus did not address any of the tolling or pleading issues here. Further, the accrual issues in *Chicken* turned on public statements that "merely discuss[ed] market and industry conditions" in ways the plaintiff consumers and customers were not "immediately aware of," and regardless, would not have alerted them to the fact that they were being injured by fixed prices caused by collusive output restraints at multiple levels of industry. *Id.* at 808.

[15] Linet nonetheless reproaches Hillrom for having the "chutzpah to argue" that Linet should have been "follow[ing] Defendants' executives' public statements" after the 2009 *Spartanburg* consent decree expired. Opp. 9-10. The chutzpa is entirely Linet's. Such diligence is what the law requires from sophisticated plaintiffs like Linet. And regardless, Linet's own complaint asserts that it *was* engaged in precisely such market monitoring when Hillrom publicly announced the contracts that allowed Linet's counsel to bring the *UHS* suit in 2015. Linet asserts that Hillrom's contract announcements "sent tremors throughout the U.S. hospital bed industry," which Linet—"the leading [hospital bed] supplier in Europe"— was watching like a hawk. Compl. ¶¶ 204, 246. Indeed, citing "*Spartanburg*," *id.* ¶ 203, Linet says it engaged in an "*extended and careful study* of the market" before its 2010 "expan[sion] into the U.S." *Id.* ¶¶ 204-05, 246.

denial of Linet's tolling claims for these reasons alone, Mot. 3-15, none of which turns on a single "disputed fact[]," Opp. 14. Linet's *own allegations*, taken as true, show that its claims accrued long before December 2017. Mot. 1, 14-15. Linet simply sat on its hands for years until, after a failed search for new investors, it engaged the lawyers who filed the 2015 *UHS* suit to file this belated action. Linet's tolling claims are thus barred by the settled rule that a plaintiff cannot stop a limitations clock by "bury[ing] [its] head[] in the sand." *Cancer Found.*, 559 F.3d at 676.

## III. LINET'S CONTINUING VIOLATION THEORY SUPPORTS RULE 12 RELIEF

In a last-ditch effort to save the damages (and discovery[16]) period it seeks through its implausible concealment claims, Linet accuses Hillrom of "ignor[ing]" Linet's "tolling theor[y]" that Hillrom engaged in "a single, continuing violation of federal and state antitrust laws." Opp. 6. Hillrom's Rule 12 motion references this claim only "in a footnote," Opp. 7, because the motion seeks judgment only on Linet's "tolling claims." Mot. 15; Compl. ¶ 395. A continuing violation claim is a merits claim. Linet's attempt to recast it as a "tolling theor[y]" because it affects "when antitrust claims accrue," Opp. 7-8, cannot save or replace the concealment claims that warrant judgment now. The reason again is that only well-pled concealment claims can "suspend[] the running of limitations," and then only so long as a "defendant took active steps to prevent the plaintiff from suing." *Barry*, 377 F.3d at 689. This concealment-based suspension is what permits damages recovery for the period "during which the statute of limitations was tolled." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971).[17] Continuing violation claims do not confer such benefits. They simply describe situations in which "the plaintiff's interests are repeatedly invaded" such that "a cause of action accrues"—and the limitations period *restarts*—

---

[16] The current Scheduling Order permits the parties to brief the discovery implications of Hillrom's Rule 12(c) motion before Judge Gilbert as necessary or helpful to progress the case. Dkt. 46 at 2.

[17] A continuing violation also requires "proof of substantially different facts" from a claim that the defendant concealed its misconduct to delay suit, suggesting the two are "sufficiently distinct" theories to constitute "separate claims." *NAACP v Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992); *compare* Compl. ¶¶ 386-96 (fraudulent concealment) *with id.* ¶¶ 397-405 (continuing violation).

"each time [the] plaintiff is injured." *E.g.*, *Varner v. Peterson Farms*, 371 F.3d 1011, 1019 (8th Cir. 2004). As a result, a continuing violation claim (as distinct from tolling) allows only "damages that accrued within the limitations period" applicable to each restart, "*not* damages that were caused by the same course of conduct but that predated the limitations period." *Gumwood HP Shopping Partners v. Simon Prop. Grp.* 2016 WL 8292207, at *10 (N.D. Ill. Mar. 18, 2016).[18]

This point is critical because it means that the *most* Linet can recover on its continuing violation theory is "damages … limited to the four years prior to … the [December 2021] complaint." Antitrust Law ¶ 320(c); *Klehr*, 521 U.S. at 181. Indeed, Linet conceded on the record that "if [Hillrom] won" its 12(c) motion, Linet's "damages might be limited to a four-year period." Dkt. 30 (4/29/22 Tr.) 40:4-18. It nonetheless argues that "the continuing violation doctrine" precludes Hillrom's motion "outright" because "the continuing violation theory would still survive, and Linet's [antitrust] claims would proceed." Opp. 8. This argument is the ultimate red herring. Linet's continuing violation allegations cannot replace its deficient concealment claims, which are the *only* claims that would allow Linet to seek antitrust damages prior to December 28, 2017. Accordingly, Linet's continuing violation arguments provide no basis for "the denial" of Rule 12 relief on the concealment claims (and related exposure period) in Linet's complaint.

## CONCLUSION

For the foregoing reasons, Hillrom respectfully requests that the Court grant the Rule 12(c) motion and enter judgment in Hillrom's favor on all of Linet's tolling claims.

---

[18] *Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797, 801 (7th Cir. 2018) accords with this conclusion. Linet quotes *Limestone* as holding that the continuing violation doctrine "allow[s] suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought." Opp. 7. If Linet's position is that it suffered no "injury on which suit c[ould] be brought" before December 2017, *id.*, there is nothing to toll, and nothing to recover, during that period. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 485 (1977) (antitrust damages are "available only to injured parties"). Conversely, if Linet's position is that it suffered injuries before December 2017 that it would have redressed earlier *but for* Hillrom's fraud, it must plead that claim under Rule 9(b).

Dated:  July 18, 2022

GIBSON, DUNN & CRUTCHER LLP

*/s/ Elizabeth P. Papez*

Elizabeth P. Papez
Kristen C. Limarzi (*pro hac vice*)
Melanie L. Katsur (*pro hac vice* pending)
Harry R. S. Phillips (*pro hac vice* pending)
1050 Connecticut Avenue, NW
Washington, DC 20036
Tel:  202.955.8500
Email:  EPapez@gibsondunn.com
KLimarzi@gibsondunn.com
MKatsur@gibsondunn.com
HPhillips2@gibsondunn.com

Eric J. Stock (pro hac vice)
Ben A. Sherwood (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Tel:  212.351.4000
Email:  EStock@gibsondunn.com
BSherwood@gibsondunn.com

Caeli A. Higney (pro hac vice)
Julian W. Kleinbrodt (*pro hac vice* pending)
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel:  415.393.8200
Email:  CHigney@gibsondunn.com
JKleinbrodt@gibsondunn.com

A&G LAW LLC

Robert M. Andalman
542 South Dearborn Street
10th Floor
Chicago, IL 60605
Tel:  312.341.3900
Email:  RAndalman@AandGlaw.com

*Attorneys for Defendants Hill-Rom Holdings, Inc.,*
*Hill-Rom Company, Inc., and Hill-Rom Services,*
*Inc.*