IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINET AMERICAS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:21-cv-6890 |
| ) | |
| HILL-ROM HOLDINGS, INC.; ) | |
| HILL-ROM COMPANY, INC.; ) | |
| HILL-ROM SERVICES, INC., ) | Magistrate Judge Jeffrey T. Gilbert |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on a Motion [ECF No. 70] (the "Motion") filed by Defendants Hill-Rom Holdings, Inc., Hill-Rom Company, Inc., and Hill-Rom Services, Inc. ("Hillrom") to compel discovery from Plaintiff Linet Americas, Inc. ("Plaintiff" or "Linet"). For the reasons below, the Motion is granted in part and denied in part.

Hillrom seeks discovery designed to determine when Linet reasonably anticipated litigation with Hillrom. Hillrom says this discovery is relevant to when Linet may have had a duty to preserve electronically stored information ("ESI") of four former Linet employees that Linet says was discarded or destroyed after those employees left Linet. Defendants' Memorandum of Law in Support of Its Motion to Compel Discovery from Plaintiff Linet [ECF No. 74] ("Defs' Br.").

Although Hillrom's requests can be characterized as "discovery on discovery," it is not improper under the circumstances of this case. "Most courts . . . acknowledge that 'discovery about discovery' can be appropriate under certain circumstances. Discovery of that kind is permitted when one party's discovery compliance has 'reasonably [been] drawn into question,' so that there is 'an adequate factual basis' for an inquiry. . ." *In re Caesars Ent. Operating Co., Inc.*, 2018 WL 2431636, at *13 (Bankr. N.D. Ill. May 29, 2018) (internal citations omitted); *see also LKQ Corp. v. Kia Motors Am., Inc.*, 2023 WL 4365899, at *1 (N.D. Ill. July 6, 2023) (concluding discovery on discovery is permitted but "should be rare and certainly the exception, not the norm"); *Downing v. Abbott Lab'ys*, 2017 WL 11812654, at *1 (N.D. Ill. Nov. 2, 2017) ("While '[t]here are circumstances where [ ] collateral discovery is warranted,' a party must proffer 'an adequate factual basis for [her] belief that the current

1

production is deficient.'") (internal citations omitted); *Gross v. Chapman*, 2020 WL 4336062 at *2 (N.D. Ill. July 28, 2020) (collecting cases).

The Court finds Hillrom has established an adequate factual basis upon which to seek information regarding when Linet reasonably anticipated this litigation. There is no dispute that the ESI for the four former Linet employees was discarded. Plaintiff's Opposition to Defendants' Motion to Compel Discovery [ECF No. 81] ("Pl. Resp.") at 2-3. Linet says these custodians left the company in August 2018, October 2019, and December 2019 and Linet discarded their ESI either in accordance with what it characterizes as its regular business practice within three months of those employees leaving the company or at least by April 2020 when it transferred only active accounts to the company's new cloud-based email system. Pl. Resp. at 3-4. Hillrom, in turn, says the disposal of the former employees' emails "coincident with the company's retention of the counsel handling this case" provides an adequate factual basis for the limited discovery Hillrom is seeking into whether the ESI should have been retained in case litigation materialized. Defs' Br. at 12. Hillrom points to Linet's January 2020 engagement of Hunton Andrews Kurth, the law firm that represented Linet in this lawsuit when it filed its complaint, further noting Linet's counsel had previously filed an antitrust lawsuit against Hillrom in 2015 on behalf of a client other than Linet based on the same alleged anticompetitive contracts at issue in this case. Defs' Br. at 10-11.

Although Linet retained counsel nearly two years before this lawsuit was filed on December 28, 2021, [ECF No. 1], "[f]ederal courts across the country have recognized that a 'plaintiff's duty [to preserve] is more often triggered before litigation commences, in large part because plaintiffs control the timing of litigation.'" *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350, 354 (N.D. Ill. 2016) (collecting cases). Moreover, it appears Linet may have deleted the ESI from at least two of the custodians (who departed in October and December 2019, respectively) after it retained counsel. Defs' Br. at 10-11. If Linet's duty to preserve was triggered around the time it retained counsel and Linet failed to preserve documents after that date, that would present "a sufficient factual basis to explore what steps were taken to preserve those records and why they no longer exist." *AOT Holding AG v. Archer Daniels Midland Co.*, 2021 WL 6118175, at *5 (C.D. Ill. Sept. 3, 2021).

Linet says that a duty to preserve adheres only when the party knew or should have known litigation was imminent and argues Hillrom has not made that showing here, or yet. Pl. Resp. at 8. But Hillrom seeks this discovery to help it determine whether Linet reasonably anticipated litigation when it retained counsel and, if so, whether it should have preserved the four former employees' ESI. Linet, on the other hand, relies on cases addressing whether to award spoliation sanctions for the destruction of documents (a matter not now in issue in this case) rather than the standard for the discovery Hillrom is seeking. Defendants' Reply Brief in Support of Its Motion to Compel Discovery from Plaintiff Linet [ECF No. 82] ("Defs' Reply") at 3

(distinguishing Linet's cases).[1] *See also AOT Holding AG*, 2021 WL 6118175, at *4 n.3 (rejecting argument that "standard for relevancy of discovery about discovery" is equivalent to that described in decisions addressing whether spoliation sanctions are warranted).

Moreover, following the 2015 amendments to Rule 37(e) of the Federal Rules of Civil Procedure, courts have found "[t]he uniform understanding is that the duty to preserve is triggered when litigation is commenced or reasonably anticipated." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 977–78 (N.D. Ill. 2021) (citing Fed. R. Civ. P. 37(e), advisory committee's notes to 2015 amendments); *In re Loc. TV Advert. Antitrust Litig.*, 2023 WL 5607997, at *5 (N.D. Ill. Aug. 30, 2023) (same); *Trahanas v. Nw. Univ.*, 2018 WL 11409096, at *2 (N.D. Ill. Dec. 3, 2018) ("A party has a duty to preserve evidence 'that it has control over and which it reasonably knows or can foresee would be material (and thus relevant) to a potential legal action.'") (internal citations omitted). Hillrom has brought forth sufficient facts to justify the limited discovery it seeks about whether Linet may have reasonably anticipated litigation with Hillrom around the time it discarded or destroyed certain former employees' ESI. Accordingly, discovery is appropriate as to when Linet's duty to preserve arose. *See Sloan Valve Co. v. Zurn Indus., Inc.*, 2012 WL 1886353, at *14 (N.D. Ill. May 23, 2012) (allowing discovery "of when Zurn's obligation to preserve evidence arose" to create "more fully-developed record").

Linet also says its retention of counsel is not "dispositive" of when Linet reasonably anticipated litigation, but that does not mean the discovery Hillrom seeks is not potentially relevant. Pl. Resp. at 15. Courts routinely consider the retention of counsel to be a relevant factor in determining when a party had a duty to preserve evidence. *See*, *e.g.*, *EBIN New York, Inc. v. SIC Enter., Inc.*, 2022 WL 4451001, at *8 (E.D.N.Y. Sept. 23, 2022) (holding plaintiff's duty to preserve arose in early 2017 notwithstanding that lawsuit was filed in 2019; noting plaintiff's president "thought Defendants' product violated Plaintiff's trade dress rights in 2016 and, a couple of months later, contacted Plaintiff's counsel to discuss Defendants' product" and a retention agreement was executed with the firm that filed lawsuit in 2017); *Cohn*, 318 F.R.D. at 354 (considering fact that plaintiff "had retained the attorney who

---

[1] The Court notes that *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011), another case cited by Linet, rejects Linet's strict interpretation that a duty to preserve is only triggered when litigation is imminent. Pl. Resp. at 9. *See Micron Tech., Inc.*, 645 F.3d at 1320 (describing reasonably foreseeable standard for duty to preserve evidence as "a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry" and that "is not so inflexible as to require that litigation be 'imminent, or probable without significant contingencies'") (internal citations omitted) (distinguishing *Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008), notwithstanding "imminent" language, as ultimately considering whether defendant had any "reason to suspect litigation" in analyzing duty to preserve).

3

represents her in this lawsuit" as relevant to when plaintiff had a duty to preserve evidence).[2] Therefore, discovery about Linet's retention of litigation counsel is relevant to determining when Linet had a duty to preserve evidence.[3]

For these reasons, the Court, in its discretion, finds that Hillrom's request for production of the January 2020 retention letter with Hunton Andrews Kurth and a log of communications between Linet and its law firm from December 2019 to April 2020 (containing the dates, participants in, and the subject matter of the communications) is narrowly tailored to determining when Linet reasonably anticipated litigation.[4] Nor does Linet contend it would be unduly burdensome to produce this information. Although Linet raises concerns that production of its retention letter would divulge privileged information, Pl. Resp. at 13-14, Linet can redact from that letter any attorney-client privileged information and include those redactions on a privilege log. The Court agrees with Hillrom, however, that the scope

---

[2] *See also Pable v. Chicago Transit Auth.*, 2023 WL 2333414, at *21 (N.D. Ill. Mar. 2, 2023) (that plaintiff "solicited two attorneys about a claim against the [defendant] . . . demonstrates not only that litigation relating to the events precipitating [plaintiff's] leave was reasonably foreseeable, but also that [plaintiff] in fact anticipated such litigation"); *Waymo LLC v. Uber Techs., Inc.*, 2018 WL 646701, at *14–16 (N.D. Cal. Jan. 30, 2018) (considering, among other factors, Uber's retention of counsel in determining when Uber reasonably foresaw litigation and had duty to preserve evidence); *Hallum v. Sheriff of Delaware Cnty.*, 2023 WL 6367656, at *6 n.13 (N.D. Okla. Sept. 29, 2023) (collecting cases where courts found a pre-litigation duty to preserve evidence triggered by a party's retention or consultation with attorney).

[3] As Linet acknowledges, the case it relies on addresses the work product doctrine. Pl. Resp. at 8, 14-15 (citing *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 87 (N.D. Ill. 1992)). In *Allendale*, the court considered the concept of anticipation of litigation while endeavoring to "strictly constru[e] the elements of work product" protection and avoid application of this doctrine to unnecessarily insulate relevant documents from discovery. *Id.* The Court is not persuaded that this analysis is applicable to determining when a plaintiff has a duty to preserve potentially relevant information for anticipated litigation. In addition, while Linet says the imminent litigation standard from *Allendale* has been cited in the context of the duty to preserve, Pl. Resp. at 8, that decision (*Torgersen v. Siemens Bldg. Tech., Inc.*, 2021 WL 2072151, at *2 (N.D. Ill. May 24, 2021)) did not address the relevance of retention of counsel to the analysis.

[4] Hillrom alternately sought "any communications with Hunton that relate to potential claims by Linet against Hillrom," Defs' Br. at 9, and "at least the dates, participants in, and subject matter of communications between Linet and Hillrom around the time Linet deleted the ESI," Defs' Reply at 9. At this juncture, the Court believes that a log should be sufficient for Hillrom's purpose of identifying communications that may relate to Linet's anticipation of litigation within a discrete time period. Most or at least many of the communications between Linet and its then-counsel, Hunton, are likely to be protected by the attorney-client privilege or even the work product doctrine, so requiring production of "any communications" as Hillrom initially requested would seem to be unduly burdensome and not particularly proportional to the inquiry at hand. After reviewing Linet's log, Hillrom may be able to frame and explain the relevance of a more targeted request or inquiry.

4

of representation, if laid out in the engagement letter, is not privileged unless it otherwise reflects legal advice. *See Pruitt v. Pers. Staffing Grp., LLC*, 2017 WL 11639764, at *2 (N.D. Ill. Aug. 28, 2017) (noting "[t]he parties agree that retainer agreements generally are not protected by the attorney-client privilege unless they contain legal advice or strategy" and ordering production of scope of representation in retainer agreement); *Am. Council of Blind of Metro. Chicago v. City of Chicago*, 2021 WL 5321054, at *1 (N.D. Ill. Nov. 16, 2021) ("the privilege does not cover things like retainers or fee agreements as those are 'incidental to the substance of representation.'") (quoting *U.S. v. Leonard-Allen*, 739 F.3d 948, 953 (7th Cir. 2013).

Hillrom also seeks to compel production of "Linet's document preservation and retention policies from January 2018 to April 2020." Defs' Br. at 3-4. In this case, the question of when Linet's duty to preserve arose "affects the relevancy of discovery requests" regarding Linet's "process for preserving documents and complying with requests." *AOT Holding AG*, 2021 WL 6118175, at *5. In light of the parties' dispute about whether Linet had a duty to preserve evidence after it retained counsel in January 2020, Linet's document retention policies in effect from December 2019 through April 2020 are "directly relevant to the location of evidence for this case and whether that evidence should have existed when the duty to preserve was triggered." *AOT Holding AG*, 2021 WL 6118175, at *7. In particular, these policies are relevant to Linet's disposition of ESI from the two custodians who left the company less than three months before the retention letter was signed in January 2020 and whose ESI therefore may have still existed when Linet retained counsel.

The Court is not persuaded that Hillrom is entitled to discovery of Linet's document retention policies prior to December 2019. Hillrom points to allegations in the Complaint that Linet was aware of the alleged anticompetitive Hillrom contracts in 2013 and 2014, and it cites evidence that Hillrom says shows Linet was aware of Hillrom's contracts and other alleged anticompetitive practices in 2017 and 2018. Defs' Br. Defs' Br. at 9-10. The Court agrees with Linet that its employees' mere awareness of the contracts or conduct that eventually provided the factual basis for the claims alleged in this litigation is not a sufficient basis for discovery of Linet's document retention policies from January 2018 through November 2019. *See* Pl. Resp. at 9-10. Hillrom does not cite any authority that this suffices to provide an adequate factual basis to pursue this discovery nor to link Linet's awareness of Hillrom's practices in 2013 and 2014 with any reasonable anticipation of litigation at that time.

Finally, Hillrom asks the Court to compel Linet to supplement its answers to Hillrom's interrogatories about the potential existence of alternative sources for the deleted ESI, including whether the ESI can be obtained from Linet's anti-spam system and whether Linet's parent company maintains archives that could include the former employees' ESI, or whether other sources for this ESI exist. Defs' Br. At 14-15. Linet answered these interrogatories, but Hillrom is not satisfied with Linet's answers. In the Court's view, ordering Linet to supplement its interrogatory

responses will not advance the ball on these issues at this time. The parties appear to have been meeting and conferring about Hillrom's requests for additional information about potential alternative sources for the missing ESI when the Motion was filed, and they do not appear to have finished that process. *See* Defendants' Exhibits V and W [ECF No. 75]. Perhaps Hillrom felt that it would include this issue in its Motion since it was going to file a motion to compel on other matters anyway but that is not a persuasive reason to shortcut the Local Rule 37.2 process (if that is what occurred).

For example, Linet apparently offered to identify the name of its anti-spam system in response to Hillrom's request for that information, Exhibit W [ECF No. 75], at Page I.D. 1221, and Linet should do so, in the Court's view. The Court agrees with Linet, however, that the name of Linet's vendor for that system is irrelevant at least as of now and is more intrusive and tangential than likely to be probative in the context of Hillrom's present inquiry. The name of the system should allow Hillrom to explore whether it can rely on what Linet says about the capabilities of that system if that is the reason Hillrom wants that information. Similarly, Hillrom's request that Linet explore whether its parent company has any information about the missing ESI appears to be farther afield than necessary or appropriate given the absence of any information that Linet's parent would have that information. Counsel can discuss whether there are potential data sources within Linet's possession, custody, or control that Linet has not yet explored, but one would think Linet has exhausted that work already given that it previously identified the four former employees as document custodians.

The parties also should continue to meet and confer on Hillrom's request to clarify Linet's statement that "'the volume of data stored' in the anti-spam system 'is so large that it is not possible to download and search for records of email of the Four Custodians' . . ." Defs' Br. at 15. That is a legitimate question, in the Court's view, but requiring Linet to supplement its answer to an interrogatory as opposed to allowing or encouraging the parties to discuss that issue further in real time (*i.e.*, by phone, video or in person, rather than by writing letters) does not seem to be the most productive way to proceed given that Linet's first attempt to answer Hillrom's interrogatory fell far short in Hillrom's view. Linet should be able to better explain why searching its anti-spam system either is not feasible without undue burden and/or would not yield the information Hillrom is seeking. Again, one would think Linet has every reason to do what it reasonably can do to find ESI from document custodians it initially agreed were appropriate in this case. If the parties reach impasse on this issue after they exhaust the Local Rule 37.2 meet and confer process, and Hillrom still believes it is entitled to more information from Linet, it can bring the issue back to the Court. The Court has a high level of confidence, however, that the parties can make more progress before the issue is ripe for the Court to resolve.

Accordingly, Defendants' Motion to Compel [70] is granted in part and denied in part, as set forth above. Linet shall produce the January 2020 retention letter and

a log containing the dates, participants in, and subject matter of communications between Linet and its counsel related to potential claims against Hillrom from December 2019 to April 2020, as well as its document preservation and retention policies in effect from December 2019 to April 2020, within 21 days of the date of this Order. The parties also shall meet and confer regarding Hillrom's request that Linet supplement its interrogatory response about the availability of alternative sources for the deleted ESI and file a short joint status report about the status and result of those discussions within 21 days of the date of this Order. If the parties want more time to file that report, they should send a joint email to the Court's courtroom deputy and the Court will grant that request.

    It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 1, 2023