IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINET AMERICAS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 21 C 6890 |
| v. | ) | |
| | ) | Magistrate Judge |
| HILL-ROM HOLDINGS, INC., et al., | ) | Daniel P. McLaughlin |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendants' Motion to Compel and Defendants' Motion for Reconsideration and for Leave to Supplement.[1] [286], [406]. For the reasons that follow, Defendants' Motions are granted in part and denied in part.

## BACKGROUND

Plaintiff brings this lawsuit alleging that the "[H]illrom Defendants monopolized and attempted to monopolize the market for hospital beds through a combination of anticompetitive behavior that began when Linet entered the market in 2010 and continues through the present day." [163], p. 2. On September 17, 2024, Defendants filed a Motion to Compel ("Motion") the addition of four custodians. [286]. On October 9, 2024, Plaintiff responded, and on October 23, 2024, Defendants replied.

---

[1] The Court addresses only those portions of Defendants' Motion for Reconsideration and for Leave to Supplement that concern the September 17, 2024, Motion to Compel in this Order. The Court will rule separately on Defendants' request for Reconsideration of its March 17, 2025 Order.

[304], [316]. Additionally, on July 10, 2025, Defendants filed a Motion for Reconsideration and for Leave to Supplement its briefing on the September 17, 2024 Motion. [406]. Plaintiff responded to that motion on July 24, 2025, and Defendants replied on July 31, 2025. [416], [420]. The Motions are now ready for the Court's review.

## **LEGAL STANDARD**

Parties are allowed broad discovery to investigate facts and clarify issues. *Grayson v. City of Aurora*, No. 13C1705, 2013 WL 6697769, at * 2 (N.D. Ill. Dec. 19, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance focuses on the claims and defenses in the case, not its general subject matter." *Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).

Moreover, "[c]ourts generally take an expansive view of discovery in antitrust cases." *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10C5711, 2013 WL 120240, at *9 (N.D. Ill. Jan. 9, 2013); *see also Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13C1054, 2016 WL 5817176, at *18 (C.D. Ill. Sept. 30, 2016), *aff'd*, 859 F.3d 408 (7th Cir. 2017) (noting that discovery in antitrust litigation has a "broad nature"). "Broad discovery is permitted because direct evidence of… anticompetitive [conduct] is often difficult to obtain, and the existence of [anticompetitive conduct] frequently can be established only through circumstantial evidence, such as business documents

and other records." *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10C5711, 2012 WL 4498465, at *13 (N.D. Ill. Sept. 28, 2012), *objections overruled*.

Further, under Federal Rule of Civil Procedure 37, a party may file a motion to compel when another party provides an insufficient response to a discovery request. Fed. R. Civ. P. 37(a). Additionally, under Local Rule 37.2, the movant must show that counsel consulted over the dispute and attempted to reach an agreement.[2] LR 37.2. Once this has been shown, "[d]istrict courts enjoy broad discretion when considering motions to compel and have consistently adopted a liberal interpretation of the discovery rules." *Martinez v. Cook County*, No. 11C1794, 2012 WL 6186601, at * 2 (N.D. Ill. Dec. 12, 2012) (citations and quotations omitted).

## DISCUSSION

Defendants ask the Court to compel Plaintiff to add four individuals from its European Parents as document custodians. [288]. Plaintiff argues that it does not have "control" over its European Parents and therefore cannot produce the requested discovery and also argues that the requested custodians are not relevant or proportional. [304]. The Court will take each argument in turn.

I.   **"Control"**

As the proposed custodians at issue are all employees of Plaintiff's European Parents, the Court incorporates its March 17, 2025, order on Plaintiff's "control" of the European Parents' documents herein. [376], p. 3-9. Having found that Plaintiff

---

[2] Defendants explain their Local Rule 37.2 compliance in their Motion, which the Court finds to be adequate compliance with the Rule given that this motion was filed prior to transfer to Judge McLaughlin's docket. [286], p. 2. However, the parties are also reminded to review Judge McLaughlin's Standing Order on Discovery Motion Requirements prior to filing future discovery motions.

3

and the European parents have a close corporate relationship such that Plaintiff is "in control" of the requested discovery, the Court turns to the relevance and proportionality of the proposed custodians.

## II. Relevance and Proportionality

*Rosada:* Defendants' Motion to Compel and Motion to Supplement[3] are granted as to Rosada. [286], [406]. The Court reviewed the parties' briefing on both Motions prior to making its decision. As Defendants explained in their original Motion to Compel,[4] Rosada is the current co-CEO of Linet Group and appeared on email chains discussing US business issues with custodians Kolář and Manica. [288], [290]-2, [290]-3. Prior to becoming the co-CEO, Rosada was the managing director of Linet Group's German-based affiliate and was Linet Group's Chief Financial Officer. [304].

Although Plaintiff argues in its response to the Motion to Compel that neither of the email chains or Rosada's former titles demonstrate Rosada's involvement in Linet America's "[o]verall strategy or day-to-day operations," such a detailed level of involvement is not *required* for Rosada to be a custodian, though it would be strong evidence supporting that conclusion. [304], p. 5-6. Instead, the discovery rules simply require relevancy, and it is evident to the Court that Rosada is likely to possess

---

[3] The Court grants Defendants' Motion to Supplement to the extent that the Court affirms it considered the arguments as to Rosada presented in that Motion. [406]. The Court grants the Motion to Supplement on the basis that the pertinent Bain Attachment that is the basis of that Motion is newly-discovered evidence that was first produced in the spring of 2025. [416], p. 3 (noting that Plaintiff produced the "Bain Attachment" in response to the Court's March 17, 2025, order).

[4] Defendants also point out that Rosada was listed on a comprehensive report prepared by third-party consultants that were hired by Linet Group which provided analysis of the US market, among other markets. [288], p. 9-10. The Court does not find this evidence particularly persuasive because the report does not indicate what role Rosada played in the report's creation, or what involvement (if any) he had in the US analysis in particular. The Court declines to consider the report further given the unsubstantiated role played by Rosada vis-à-vis the report.

4

relevant documents. *Coleman v. Illinois*, 19C3789, 2020 WL 5752149, at *3 (N.D. Ill. Sept. 25, 2020) (stating that even "[i]f relevance is in doubt, courts should err on the side of permissive discovery.").

The emails cited in the Motion to Compel demonstrate that Rosada was included in discussions about Linet America's general financial status and COVID-19's impact on the US market. [290]-2, [290]-3. While Rosada does not write a response to either of these emails, his inclusion on the email chain still demonstrates a level of involvement in the European Parents' awareness and discussion of Linet America's activities that indicates he is likely to possess other relevant documents. This supposition is bolstered by Rosada's appearance on the so-called "Bain Attachment," which Defendants put forth in their Motion to Supplement. [409]-1.

The Bain Attachment is an email chain that includes Bain (former CEO of Linet America for whom no ESI remains), Frolík, Kolář, and Rosada, and discusses potential antitrust concerns from Linet America as to Defendant Hillrom.[5] Given the loss of Bain's ESI and Defendants' consistent arguments that this case should trigger statute of limitations issues, the Court finds this email particularly relevant in its ability to shed light on when Plaintiff's claims may have accrued. [350], p. 10 ("Plaintiff has multiple allegations that survived Defendants' Motion for Judgment on the Pleadings in part because the District Judge [d]eclined to make a determination as to when [Plaintiff's] claims accrued… without further factual discovery. The Court is therefore inclined to allow Plaintiff to conduct such further

---

[5] The parties are reminded that sealed documents that "underpin" a judicial decision are open to public inspection. *See Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002).

factual discovery so that the District Judge can eventually make a determination as to when Plaintiff's claims accrued.") (internal citations omitted). The Bain Attachment, taken in conjunction with the other two emails cited in the Motion to Compel, clearly demonstrates Rosada's involvement in and awareness of Linet America's issues, all of which render him a relevant custodian.

As to proportionality, while the Court understands Plaintiff's argument that the inclusion of already-agreed custodians Kolář and Manica on the email chains could demonstrate the redundancy of Rosada, the Court ultimately finds that the presence of Kolář and Manica cuts more towards the relevancy of Rosada in light of the particular combination of emails at issue. As the Court has stated previously, "the mere fact that [a proposed custodian] appear[s] on the same relevant email chain [as a current custodian] does not inherently make the addition of the [proposed custodian] redundant." [414], p. 8. Indeed, in instances such as this, the presence of other relevant custodians may enhance the relevance of the proposed custodian; if Manica and Kolář found Rosada important enough or necessary enough to include him on relevant emails discussing various US business operations—and antitrust concerns in particular—that is reason for the Court to also consider Rosada relevant to such discussions.

This said, the Court's relevancy finding relies on the fact that Rosada possessed a different role than Kolář and Manica during the Phase 2 timeframe, making it likely that he will have additional relevant ESI that differs from the current custodians, and the fact that Rosada appears on both the general US business emails *and* the

6

Bain Attachment. The combination of these factors differentiates Rosada from the other proposed custodians and makes his relevancy poignant while also keeping his potential for redundancy in check. In sum, the Court does not credit Plaintiff's argument that Rosada will be a duplicative custodian.

Additionally, as Plaintiff offers no concrete evidence or even a projection of the burden of adding Rosada as custodian, the Court declines to consider the issue of burden further. *Kleen Prods. LLC v. Packaging Corp. of Am.*, 10C5711, 2012 U.S. Dist. LEXIS 139632, at *48 (N.D. Ill. Sep. 28, 2012) ("But a party must articulate and provide evidence of its burden. While a discovery request can be denied if the burden or expense of the proposed discovery outweighs its likely benefit, a party objecting to discovery must specifically demonstrate how the request is burdensome. This specific showing can include an estimate of the number of documents that it would be required to provide. . .the number of hours of work by lawyers and paralegals required, [or] the expense.") (internal quotations and citations omitted).[6]

---

[6] The Court denies Plaintiff's request to supplement its briefing on Rosada "[w]ith additional specific burden information to assist with the Court's evaluation of proportionality." [416], p. 6, fn. 4. While the Court understands Plaintiff's contention that it could not offer "[s]ufficiently specific burden information" because it did not, "at the time of briefing [the Motion to Compel], have actual possession of Mr. Rosada's custodial files," the Court does not find this to be an adequate reason to allow additional briefing on the issue of burden. *Id*. Plaintiff was aware at the time of the original Motion to Compel that it was the objecting party's responsibility to substantiate its burden claims; caselaw is clear on this point. Even if Plaintiff could not provide a precise representation as to the number of documents Rosada may possess or the amount of time it may take to review them, Plaintiff still should have put forth *some* burden argument. Perhaps Plaintiff could have explained the burden of working with the European Parents to access Rosada's files, or estimated the number of documents and the manpower required to review his files based on Plaintiff's experience with other similarly situated custodians in this case. Perhaps Plaintiff could have alerted the Court at the time of its response to the Motion to Compel that it did not have access to Rosada's files and thus could not give a clear estimate as to burden, and offer an alternative solution for burden substantiation. Instead, Plaintiff put forth no burden argument whatsoever as to Rosada, instead relying solely on arguments as to his alleged irrelevance. The consequences of the decision to omit a burden argument altogether are such that Plaintiff may not have a second bite at the apple now.

Ultimately, "Federal Rule of Civil Procedure 26(b)(1) gives expansive power to discover information regarding any nonprivileged matter that is relevant to any party's claim or defense," and Rosada's continued presence on email chains discussing a range of issues important to Linet America makes him a clearly relevant custodian to Defendants' statute of limitations defenses. *Grayson v. City of Aurora*, 13C1705, 2013 WL 6697769, at *2 (N.D. Ill. Dec. 19, 2013). In other words, the potential for Rosada to provide relevant substituted ESI for Bain or to provide additional relevant information concerning Linet America's antitrust concerns is significant, and outweighs any of the unsubstantiated, general proportionality concerns stated by Plaintiff. The Court therefore finds Rosada to be a relevant and proportional custodian.

*Soukup*: Defendants' Motion to Compel is denied as to Soukup. The Court is unpersuaded that Soukup is relevant or proportional to the needs of this case. Soukup was Linet Group's Chief Commercial Officer. [288], p. 10. Defendants argue that he is relevant because he is included on several email chains discussing US business issues on which Linet America executives Bain and Bell (whose ESI is lost) appear, and because he is included on the third-party market analysis report. *Id*. As to the latter point, Defendants again neglect to substantiate their allegation that Soukup was "[o]ne of the managers who commissioned…Linet Group's studies of the U.S. market." *Id*. The report simply lists Soukup as a presenter of the report, which included analysis of other markets and issues in addition to an analysis of the US market; thus, it is unclear to the Court whether and to what extent Soukup was

involved in the US market analysis. The Court therefore does not find the report to be particularly persuasive evidence given the unclear role played by Soukup.

Further, Plaintiff points out that Soukup worked for Linet Group for only nine months of the Phase 2 period, a fact which inherently belies both his ability to be a particularly relevant custodian or to be a fulsome stand-in for Bain and Bell's lost ESI. [304], p. 6. More importantly to the Court, all but one of the emails upon which Soukup is included also include Kolář or Manica. While the Court has acknowledged that the presence of other custodians on the same emails does not *inherently* make a proposed custodian redundant, that logic can only go so far when *every* proposed custodian appears on the same documents as other custodians. The Court found Rosada to be an appropriate custodian on the basis of his different role *and* his inclusion on the poignant Bain Attachment. Soukup, on the other hand, does not appear on the Bain Attachment, and only appears on all of the same emails that either Rosada, Kolář, Manica, or some combination of the three also appear. At some point, the buck has to stop, and the Court finds that it should do so with Soukup. With no further argument from Defendants as to why Soukup remains a relevant and non-duplicative custodian, the Court declines to consider the issue further. "Just because counsel in this case insist that there are [numerous] stones to be looked under, does not mean they get to look under every one of them." *Dale v. Deutsche Telekom AG*, 22C3189, 2024 U.S. Dist. LEXIS 181384, at *7 (N.D. Ill. Oct. 4, 2024).

*Chvojka*: Defendants' Motion to Compel is denied as to Chvojka. Defendants again assert that Chvojka was "[o]ne of the executives who commissioned market studies of

9

the U.S." based on his name's inclusion in the third-party consultants' report, a claim which is unsubstantiated and whose relevance has therefore been rejected by the Court in its analysis of the prior proposed custodians. [288], p. 10. Beyond this argument, Defendants put forth the same COVID-19 email upon which Kolář and Rosada already appear, which raises the redundancy concerns discussed by the Court in the preceding section; it is clearly disproportionate to allow every individual on the COVID-19 email to be a custodian in this case purely on the basis of their presence on that email chain. *Id*. As Defendants again put forth no argument differentiating the expected ESI of Chvojka from that of the other custodians, nor any argument articulating the particular relevance of his role as the Chief Operations Officer of Czech-based Linet spol, the Court finds that he is neither relevant nor proportional to the needs of this case.

*Chýňava*: Defendants' Motion to Compel is denied as to Chýňava. Defendants put forth the same unsubstantiated claims about Chýňava's "commissioning" of the US market analysis in the third-party consultant's report and the same email chain discussing US business operations on which Manica, Kolář, and Rosada already appear. [288], p. 11. Defendants provide no further argument as to the particularized relevance of Chýňava or why Chýňava would not be duplicative of the other three custodians this Court has already given Defendants. The Court therefore finds that Chýňava is not a relevant or proportional custodian.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Compel and Defendants' Motion for Reconsideration and for Leave to Supplement are granted in part.

**SO ORDERED.**          **ENTERED:**

**DATE: August 19, 2025**          _____
**HON. DANIEL McLAUGHLIN**
**United States Magistrate Judge**